## THE STATE OF CONNECTICUT vs. JAMES CAMPANE.

Third Judicial District, New Haven, January Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 1458, gives the Criminal Court of Common Pleas
jurisdiction of all criminal causes appealed from any city, borough,
police, or town court, or justice of the peace; while § 1483, subse-
quently enacted, provides that the prosecuting attorney of the
Criminal Court of Common Pleas may file in said court, and said
court may try, an information for any offense which would have
been within the "final jurisdiction" of the local city, town,
borough, police, or justice court having jurisdiction thereof, had
the information or complaint been made to such court. *Held* that
an offense whose maximum punishment exceeded that which the
local municipal court could lawfully impose, was *not* within its
"final jurisdiction," and therefore was not within the jurisdiction
of the Criminal Court of Common Pleas.

Argued January 26th—decided March 3d, 1904.

INFORMATION for perjury, brought to the Criminal Court
of Common Pleas in New Haven County and tried to the
jury before *Bishop, J.*, after a motion of the accused, to
erase the case from the docket for want of jurisdiction, had
been denied; verdict and judgment of guilty, and appeal
by the accused. *Error and judgment reversed.*

*Charles S. Hamilton*, for the appellant (the accused).

*Robert J. Woodruff*, Prosecuting-Attorney, for the ap-
pellee (the State).

HAMERSLEY, J. The Criminal Court of Common Pleas
is an inferior court established by the legislature. Its juris-
diction, as originally defined by statute, is purely appellate.
It is empowered to retry, by jury, cases once tried by a jus-
tice of the peace or by a municipal court having jurisdiction
and powers similar to those given to justice courts. Its
judgment, upon conviction of the accused, can impose no

greater punishment than that which might have been imposed by the court from which the cause is transferred by the appeal. A prosecuting attorney was provided with power necessary to conduct the trial of the case appealed, upon the complaint preferred to the justice court. In 1895 the attorney was authorized to file an information in lieu of the complaint in any appealed case, and also, to file an information for any offense within the jurisdiction of a justice or municipal court, which was subject to the appellate jurisdiction of the Criminal Court of Common Pleas; provided that, if a complaint for the offense charged had been made to the local court having jurisdiction thereof, the matter would have been within the final jurisdiction of that court; and upon such information being filed, the Criminal Court of Common Pleas is given jurisdiction to proceed with the trial of the offense charged in the same manner and with the same power as in appealed cases. These provisions are now embodied in §§ 1482 and 1483 of the General Statutes.

We think that " final jurisdiction," as used in § 1483, means a jurisdiction to try the cause and, upon conviction, to impose the full penalty prescribed, as distinguished from a jurisdiction given in respect to offenses the punishment whereof may be greater or less than that which a justice court can impose. In the latter case the justice may bind the offender over to the Superior Court for trial, or may convict him and impose a penalty not exceeding that within the jurisdiction of a justice court; but the offense is within the jurisdiction of the Superior Court until the justice court has determined, upon the circumstances of the particular case as proved before him, that no greater punishment ought to be imposed than that which he may lawfully inflict; and the justice cannot exercise any final jurisdiction until the nature of the particular offense has been thus determined.

Section 1483 does not give the Criminal Court of Common Pleas original jurisdiction of such offenses. The language of the section is necessarily somewhat obscure. The legislature attempts in a single sentence and in general terms to define a jurisdiction varying in each locality, in three dif-

ferent counties where offenses may be committed. It had to consider not only the general jurisdiction of justice courts, but the exceptions pertaining to some particular offenses, the diverse jurisdiction of a large number of city, town, and borough courts, and to guard against any infringement of the peculiar jurisdiction of the District Court of Waterbury. Upon a careful study of the language of the section, and of the conditions in view of which it was used, it seems quite clear that the legislature intended to and did give the Criminal Court of Common Pleas original jurisdiction of any offense within the jurisdiction of the justice and municipal courts subject to its appellate jurisdiction, when, and only when, the court within whose jurisdiction the offense might be committed would have power to try the same, and upon conviction to impose the full penalty inscribed; and did not intend to give, and did not give, to the Criminal Court of Common Pleas any original jurisdiction of offenses within the jurisdiction of the Superior Court. Even if the meaning of the language were doubtful, there are considerations which make this interpretation of it the more reasonable one.

Offenders who commit offenses the punishment whereof may exceed or be less than that which justice or municipal courts can impose, can only receive the greater penalty in the Superior Court. Such offenses can only be brought before the Superior Court through an information filed therein by the State's Attorney, or through a binding-over by a justice or municipal court. The Criminal Court of Common Pleas clearly has no power of binding over, and no power to inflict punishment for any offense greater than that which can be imposed by the justice or municipal court within whose jurisdiction the offense is committed. If § 1483 is construed as giving to the Criminal Court of Common Pleas the original jurisdiction claimed, the Act not only creates a jurisdiction concurrent with that of the Superior Court, but provides that any exercise of this jurisdiction by the Criminal Court of Common Pleas shall operate to reduce the maximum penalty of the offense committed, to the maximum

punishment that can be imposed by the justice or municipal court within whose jurisdiction it may be committed; and this power of securing such modification of the punishments prescribed by statute is vested in the prosecuting attorney of an inferior court created for the sole purpose of trying justice and municipal court appeals. A construction involving such results should not be adopted, if the doubtful language is fairly susceptible of another construction producing more reasonable results.

In *State* v. *Hartley*, 75 Conn. 104, we held that " final jurisdiction," as used in § 1483, meant a jurisdiction to try, convict, and punish, as distinguished from a jurisdiction to try and bind over to the Superior Court. In that case the information of the prosecuting attorney charged an offense for which the local police court could inflict the full penalty. But upon argument of the case, the meaning of § 1483 was discussed and thoroughly handled, and our conclusion was largely based upon the construction of the statute as above stated.

Perjury is punishable by imprisonment in jail for not more than six months, or in State prison for not more than five years. General Statutes, § 1254. The Criminal Court of Common Pleas has no original jurisdiction of this offense, and the motion of the accused to erase the case from the docket should have been granted.

Another decisive objection to the jurisdiction of the trial court is found in § 1446 of the General Statutes : "No justice of the peace, borough, town or city court, shall have final jurisdiction of any prosecution for crime, the punishment for which may be imprisonment in the state prison." Possibly the charter of the city of New Haven may except the New Haven City Court from the operation of this statute. 13 Special Laws, p. 442, § 185. The language used in the charter is not clear and should, for obvious reasons, be construed, if it reasonably can be, as consistent with the settled policy of the State expressed in § 1446. The case before us does not, however, require a decision of this question.

As the court had no jurisdiction of the cause, the other reasons of appeal are immaterial.

There is error in the judgment of the Criminal Court of Common Pleas ; the judgment is reversed, and that court is directed to erase the case from its docket for want of jurisdiction.

In this opinion the other judges concurred.