MAHLON F. IVINS, administrator, &c.,

*v.*

C. ALBERT JACOB, trading, &c.

[Decided May 16th, 1905.]

Where the demurrant, by a misstatement of the allegations of the bill demurred to, introduces a new statement of facts into the record, and, on the facts thus brought in by himself, demurs to the bill, his pleading is a speaking demurrer, and cannot be sustained.

On bill and demurrer to part thereof.

The bill of complaint in this cause is filed by the administrator of the estate of Richard Mason, deceased. Mason, in his lifetime, was engaged in Camden, in this state, in the business of selling and renting pianos with the privilege of purchase.

The bill alleges that the defendant, trading in the name of Jacob Brothers, a piano firm in the city of New York, claims to have a debt against the estate of Mason for pianos sold to Mason in his lifetime, which the complainant has been led to believe from Mason's books is as follows: Money due for pianos which were delivered to Mason and by him sold on leases, about $17,192.18, and for moneys loaned by Jacob Brothers to Mason in his lifetime, about $4,200.

The bill proceeds as follows to state the mode in which the business between Mason and the defendant was conducted:

"And your orator further shows that, from time to time, as the said Mason bought pianos of the said C. Albert Jacob trading as Jacob Brothers, and as soon as the said Mason had put the same out on leases, he assigned each lease so made by him with the purchaser of each piano to the said Jacob Brothers, to be held by the said Jacob Brothers as collateral security for the payment of the amount due the said Jacob Brothers for said piano; that said Mason was accustomed to make weekly or monthly remittances to the said Jacob Brothers as the moneys for each piano leased should be paid to him, the said Mason, and that the

said Jacob Brothers were accustomed to and did surrender each lease to the said Mason as fast as the amount due thereon was paid by the said Mason, and that said Mason was accustomed to and did collect the balance of the moneys due upon said leases from the persons who had purchased the same from the said Mason, and retained for his own benefit the profit over and above what was paid by him to the said Jacob Brothers for the wholesale price charged by them.

"And your orator further shows that, for a short time prior to the said Mason's death, the said Jacob Brothers failed to return leases covering pianos, the full wholesale price of which had been paid by the said Mason, claiming to hold the same as collateral security for the payment of the loan so claimed to have been made by the said Jacob Brothers to the said Mason."

The bill further alleges that the complainant, upon undertaking the administration of Mason's estate, attempted to make collections upon the leases made by Mason and "assigned as collateral to Jacob Brothers as aforesaid;" that the lease accounts appear on Mason's book as an asset of his estate; that the defendant, instead of permitting the complainant to make the collections upon the leases, and to make remittances "in accordance with the agreement and practice prevailing during the lifetime of Mason," forbade the complainant to touch those funds, and proceeded to make the collections himself upon the leases, and gave notice to the lessees that if they paid the lease money to the complainant he, the defendant, would hold them liable therefor.

The bill further alleges that the defendant has filed no claim against Mason's estate; has not accounted for the leases in his possession, or for the moneys by him collected thereon; has refused to disclose the number and names of the leases in his possession, and has stated that he would hold the leases and make all collections thereon until he had paid all the indebtedness owing to him by Mason's estate.

The bill further charges that

"notwithstanding the fact that the said leases may have been surrendered to the said Jacob Brothers by the said Mason in his lifetime, yet the said Mason himself made collections and made remittances to the said Jacob Brothers, retaining all sums over and above what was due the said Jacob Brothers for the wholesale price of each piano; that said Jacob Brothers never claimed or assumed the right to control the collections upon the

said leases or to retain from said collections the profits due the said Mason upon the sale by him of said pianos; but, on the contrary, assumed such arbitrary power without legal right or authority immediately upon the death of the said Mason, without giving your orator the opportunity to make collections and remittances as had been done in the lifetime of the said Mason."

·The complainant prays that the defendant may discover.the amount due him from the estate of Mason, what leases are in his possession, when delivered, and on what terms; that he may produce the leases; that he may be restrained from collecting on any leases assigned to him by Mason, and from disposing of them, and from interfering with the complainant in his collections of moneys due on said leases, &c.;

"that the defendant may account for all moneys collected on said leases since Mason's decease; that a receiver may be appointed to assume the collection of the moneys due under said leases, and to distribute the same under order of this honorable court to those rightfully entitled thereto, and for further relief."

The defendant demurs to part of complainant's bill and answers the residue, and files also a cross-bill for affirmative relief against·the complainant.

The only matter now under consideration is the demurrer, which has upon notice come on for argument. The demurrer is addressed to so much of the bill as prays that the defendant may be restrained from collecting on any leases held by defendant under assignment from Mason in his lifetime, and from disposing of them, and from interfering with the complainant as administrator of Mason's estate in his collection of the moneys due on said leases, and that a receiver may be appointed to assume the collection of the moneys due under said leases, &c., and to distribute the same to the persons rightfully entitled thereto, &c.

The cause of demurrer assigned is that the complainant has not stated such a case as entitles him to the relief prayed for, or to any part thereof, because it appears by the bill that the leases therein referred to were assigned to the defendant as collateral security for a certain debt; that at the time of Mason's death his books showed that he was indebted to the complainant for

"money due for piános delivered to Mason and by him sold on leases as aforesaid about \$17,192.18; for money loaned by defendant to Mason in his lifetime about \$4,200;"

that the bill alleges the leases were assigned to defendant as collateral security for the above-stated indebtedness, and the bill does not allege that any part of said indebtedness has been paid by complainant, or anyone for him, to defendant; that the bill does not charge defendant with insolvency or fraud, and discloses no basis whatever for the appointment of a receiver and the taking from defendant the control of his collateral security, when the bill shows an unpaid indebtedness of Mason's estate to defendant exceeding \$21,000, to secure which indebtedness said collateral security was assigned to defendant; on this part of the bill of complaint the defendant, by his demurrer, &c., prays judgment.

On this demurrer the cause has been set down for argument.

*Messrs. Wilson, Carr & Stackhouse,* for the demurrant.

*Mr. Henry F. Stockwell* and *Mr. J. Willard Morgan,* for the complainant.

GREY, V. C.

This demurrer is framed and has been argued upon the assumption that the bill of complaint alleges that the Mason estate presently owes to the defendant an unpaid indebtedness exceeding \$21,000, and that to secure this indebtedness, the piano leases and the moneys payable thereon were by Mason, in his lifetime, assigned to the defendant.

For the purpose of this hearing, the facts narrated in the bill of complaint are by the demurrant admitted to be true in the manner and form in which the complainant there states them. Facts not stated in the bill of complaint, or variances of those which are stated, cannot be presented by the defendant as the basis of a demurrer.

The averments of the bill of complaint do not set forth the complainant's case with definite precision. Nevertheless, a careful reading of the portion of the bill of complaint demurred to

will show that the defendant, in stating his grounds of demurrer, has misrecited the averments of the bill in order to challenge its legal sufficiency.

It is not alleged by the bill that the leases were assigned as collateral security to secure all the several items of indebtedness of Mason to the defendant, amounting in their total to $21,000. What the bill alleges is that the defendant claims that Mason, in his lifetime, was indebted to the defendant in several sums of money, to wit, for moneys due the defendant for pianos delivered to Mason, and by him sold on leases, $17,192.18, and for moneys loaned by the defendant to Mason in his lifetime, $4,200. The bill proceeds to show that by the arrangement between Mason and the defendant, Mason bought each piano from the defendant on credit; he then leased it to the purchaser for a term, reserving monthly rentals, agreeing at its expiration to give to the purchaser a bill of sale for the instrument. Each lease, when thus obtained, was by Mason assigned to the defendant as collateral security for the payment of the wholesale purchase price which Mason owed the defendant for that particular piano; that Mason then collected the rentals (which were really partial payments of the price to be paid by the lessee-purchaser) as they came due on each piano, remitted to the defendant the wholesale price he had agreed to pay the defendant for that piano, and received from the defendant a surrender or return to him (Mason) of the lease for the piano thus paid for to the defendant. That Mason then proceeded to collect from these purchasers and retain for himself the residue of the rentals which constituted the purchase price agreed to be paid by the lessee-purchaser. The complainant charges that the defendant has failed to return to Mason leases of pianos for which the wholesale price has been fully paid to the defendant; that the defendant now asserts the right to hold these retained leases as collateral security for the payment of the loan (*i. e.,* the $4,200) which the defendant claims to have made to Mason.

It will be observed that the gravamen of the complaint in the bill is that the defendant, having leases severally assigned as collateral security for the payment of the definitely separate

sums respectively due him on each piano, has misapplied those pledges and wrongfully holds them as collateral security for the payment of another debt, the claimed loan of $4,200. On these premises the bill of complaint prays discovery, an accounting, an injunction to restrain the collection of rentals on the leases, and a receiver to make those collections, &c.

The grounds of demurrer misconceive and misstate the allegations of the bill, for they assume that the bill admits that all the leases have been assigned as collateral security for the payment of the whole indebtedness claimed to be owed by Mason to the defendant, whether for pianos sold or for moneys loaned, exceeding in its total the sum of $21,000, and on this misstatement of the allegations of the bill the defendant demurs to the prayers for injunction and receiver, insisting that upon the bill's own showing he cannot be restrained in the exercise of his right to collect the lease moneys pledged to him to secure the debt owing to him, and that a receiver cannot equitably be appointed for that purpose.

The demurrant, by this misstatement of the allegations of the bill of complaint, has introduced a new statement of facts into the record, and upon the facts thus brought in by himself he demurs to the bill of complaint. Such a pleading is a speaking demurrer and cannot be sustained. *Story Eq. Pl.* § *448; Edsell* v. *Buchanan,* 2 *Ves. Jr.* *83; Black* v. *Shreve,* 7 *N. J. Eq.* (3 *Halst.*) *440; Teeter* v. *Veilch,* 57 *Atl. Rep.* 164.

A decree will be advised overruling the demurrer, with costs, with leave to answer, &c.