THE TOWN OF WOLCOTT *vs.* HOWARD STICKLES ET AL.

Third Judicial District, New Haven, January Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

General Statutes, § 1446, provides that "no justice of the peace, bor-
ough, town, police, or city court, shall have final jurisdiction of
any prosecution for crime, the punishment for which may be im-
prisonment in the state prison"; and § 1434 provides that "every
justice of the peace, in any court holden by him in the county for
which he is appointed, shall have jurisdiction of all offenses com-
mitted in the town in which he holds such court, which are pun-
ishable by a fine of not more than seven dollars, or by imprisonment
not more than thirty days, or both." *Held* that these sections,
when taken together, prevent a justice of the peace from taking
final jurisdiction in prosecutions for the offense described in § 1211,
namely, that "every person who shall steal any poultry shall be
fined not more than one hundred dollars, or imprisoned not more
than two years, or both."

Inasmuch as a justice has no final jurisdiction in a prosecution brought
under § 1211 of the General Statutes, the recognizance taken upon
the adjournment of a hearing in such a cause should, pursuant to
§ 1443, be taken to the State and not to the town.

It is not always necessary that a criminal complaint should follow
the exact language of the statute upon which it is founded. Such
a complaint, alleging that the accused stole "chickens," *held*
sufficient in a prosecution under § 1211, relating to the theft of
"poultry."

Submitted on briefs January 17th—decided March 7th, 1912.

ACTION to recover the amount of a forfeited bond or
recognizance taken by a justice of the peace in a crim-
inal case pending before him, brought to the District
Court of Waterbury where a demurrer to the complaint,
filed by the surety upon the bond, was sustained (*Meigs,
Deputy-Judge*), and judgment rendered for that defend-
ant, from which the plaintiff appealed. *No error.*

*Charles G. Root,* for the appellant (plaintiff).

*Robert A. Lowe* and *Theodore E. Rogers*, for the appellee (defendant Lacoursierre).

RORABACK, J. This is an action on a recognizance given in a criminal proceeding before a justice of the peace. April 5th, 1911, the defendant Stickles was arrested and brought before a justice of the peace in the town of Wolcott to answer to a charge of stealing six chickens valued at $6. The justice adjourned the hearing to April 6th, 1911, and the defendant Stickles, as principal, and the defendant Lacoursierre, as surety, entered into a recognizance to the plaintiff town in the sum of $400 for the appearance of Stickles upon adjournment day. Stickles failed to appear, and this action was brought to recover the amount of the recognizance.

The defendant Lacoursierre demurred to the complaint because: "1. The recognizance upon which the plaintiff bases its cause of action is void. 2. A justice of the peace has not final jurisdiction of the crime alleged in the complaint. 3. The recognizance upon which the cause of action is based should have been taken to the State instead of the town of Wolcott." The demurrer was sustained, and this action of the court is assigned as the sole reason of the appeal.

The complaint upon which Stickles was arraigned before the justice of the peace was not made a part of the proceedings in the case now before this court. We have no means of ascertaining a description of the offense stated in the criminal case, except from the allegations of the complaint in the present action, which states that "on April 5, 1911, the defendant Howard Stickles was the accused in a criminal cause legally pending before said justice of the peace, said Stickles being charged with the theft in said town of Wolcott, of six chickens of the value of six dollars ($6)."

General Statutes, § 1211, provides that "every per-

son who shall steal any poultry shall be fined not more than one hundred dollars, or imprisoned not more than two years, or both;" and § 1446 provides that "no justice of the peace, borough, town, police, or city court, shall have final jurisdiction of any prosecution for crime, the punishment for which may be imprisonment in the state prison." An offense whose maximum punishment exceeds that which the justice can lawfully impose is not within his final jurisdiction. *State* v. *Campane,* 76 Conn. 549, 551, 57 Atl. 164. General Statutes, § 1434, reads as follows: "Every justice of the peace, in any court holden by him in the county for which he is appointed, shall have jurisdiction of all offenses committed in the town in which he holds such court, which are punishable by a fine of not more than seven dollars, or by imprisonment not more than thirty days, or both." These statutes, taken together, necessarily prevent a justice of the peace from taking final jurisdiction in prosecutions for offenses like those described in § 1211.

Section 1443 of the General Statutes, among other things, provides that upon the adjournment of a hearing of any criminal cause by any justice of the peace, the recognizance shall be taken to the State, if the cause is not within the final jurisdiction of the justice court. Assuming that the criminal complaint upon which Stickles was brought before the justice court described an offense for stealing poultry, the recognizance was not properly taken.

It is urged that the criminal complaint in question does not attempt to charge an offense in the language of the statute (§ 1211), in that the complaint alleges that the accused stole "chickens" instead of "poultry." It is not always necessary that a criminal complaint should follow the exact language of the statute upon which it is founded, if words equivalent in meaning to

those used in the statute be employed. 1 Bishop's New Criminal Procedure (4th Ed.) § 612; Clark's Crim. Proc. 264. "Poultry" is a generic word. "It is an elementary principle of criminal pleading, that, where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition, but it must state the species, it must descend to particulars." *United States* v. *Cruikshank*, 92 U. S. 542, 544; *United States* v. *Hess*, 124 U. S. 483, 487, 8 Sup. Ct. Rep. 571, 1 Arch. Cr. Pr. & Pl. 291. A description bringing such property under the general term is sufficient. Clark's Crim. Proc. 233, and cases cited in note 199. In the case of *State* v. *Abbott*, 20 Vt. 537, the following language is used: "The only question, raised in the present case, is in regard to the sufficiency of the indictment. It is for a violation of the statute against maiming, or wounding, cattle. The objection is, that the defendant is charged with wounding a steer, without alleging, that a steer is 'cattle, or other beast,' which are the words of the statute. It is very possible, that some of the old cases may have adopted a degree of strictness, equal to this, even. But no modern case of this character exists, it is believed; but the contrary has often been decided."

The word "chickens" is ordinarily understood and defined to mean "poultry." The word "poultry" is of larger significance than the word "chickens," but in common parlance the word "chickens" does not have a distinct meaning. "Chickens," as defined by the Standard Dictionary, are the young of the common domestic fowl, in any of its breeds or varieties, at any age between birth and maturity; specifically, such a fowl less than a year old. The same authority fixes the meaning of "poultry" as follows: Domestic fowls,

generally or collectively, reared for the table or for their eggs or feathers, as hens, ducks, geese, and turkeys.

Reading the complaint as one would naturally understand it, there can be no difficulty in arriving at the conclusion that it charges an offense under the statute relating to the theft of poultry.

The strictness in framing complaints in criminal cases which was formerly required, especially when the offense charged is a misdemeanor created by statute, has been in modern times properly relaxed. In all cases the essential elements of the crime must be charged; but they need not be charged in any precise formula of words or set phrase. It is enough if the offense is set forth with such clearness and certainty as to apprise the accused of the crime for which he is called to answer, and to enable the jury to deliver an intelligent verdict, the court to render a proper judgment, and the accused to plead his conviction or acquittal in bar of another prosecution for the same offense. *State* v. *McGee*, 81 Conn. 696, 72 Atl. 141. When tested by these rules, it must be held that the offense described in the complaint before us sufficiently describes an offense within § 1211 of the General Statutes. The property alleged to have been stolen was described with sufficient certainty, so that both the court and the defendant could understand that this was the offense charged; and a final judgment rendered upon this complaint would be a bar to another prosecution for this offense. As the justice did not have final jurisdiction of the cause, he should have taken the recognizance to the State instead of the town.

The question presented by the appeal was purely one of law, and the court below properly sustained the defendant's demurrer.

There is no error.

In this opinion the other judges concurred.