THE STATE OF CONNECTICUT *vs.* THOMAS O'BRIEN.

Third Judicial District, New Haven, June Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

General Statutes, § 4798, provides that no person, firm, or corporation "shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive, therefor, interest at a greater rate than twelve per centum per annum." *Held:*—

1. That the addition to the statute of the words, "as guarantor or otherwise," made in 1915, did not change the elements of the offense already prohibited; for the Act had already brought every form of loan within its terms.

2. That the offense prohibited by the statute was loaning money—not guaranteeing a loan made by some one else; and therefore an information which merely charged the accused with having "guaranteed" a loan made to a third person, set forth no statutory offense, and for that reason was not only demurrable but was also open to a motion in arrest of judgment.

Ordinarily it is sufficient to charge a statutory offense in the words of the statute; but greater particularity must be used when the nature of the offense is such that the language of the statute, as in the present case, does not clearly and definitely apprise the accused of the charge made against him.

A verdict will cure the defective statement of an essential fact, but not its entire omission.

Argued June 4th—decided July 16th, 1919.

INFORMATION in two counts charging the accused with having "guaranteed" certain loans and with demanding therefor interest at a rate of more than twelve per cent per annum, in alleged violation of the statute (§ 4798), brought to the Criminal Court of Common Pleas in New Haven County and tried to the jury before *Peasley, Acting-Judge;* verdict and judgment of guilty, and appeal by the accused. *Error and new trial ordered.*

*Walter J. Walsh,* for the appellant (the accused).

*Edwin S. Pickett,* Prosecuting Attorney, for the appellee (the State).

WHEELER, J. The information charges the accused in two counts with a violation of § 1 of Chapter 244 of the Public Acts of 1911 as amended by Chapter 143 of the Public Acts of 1915 (now § 4798 of the General Statutes).

The first count charges that on August 20th, 1917, the accused, as an agent of the Mutual Guarantee and Indorsement Company, a firm doing business in New Haven, and of John G. Dunbar of Boston, Massachusetts, neither of them being licensed as a pawnbroker, guaranteed as such agent the loan of $50 to Philip Bushley of New Haven, and as such agent indirectly charged, demanded, accepted and made an agreement to receive therefor interest at a rate greater than twelve per centum per annum, viz.: at the rate of one hundred and fifty two per centum per annum.

The second count describes in like fashion a similar transaction with a different person, and a different amount guaranteed to be loaned.

To this information the accused demurred, because (1) it was insufficient in law and did not charge him with any offense; and (2) because it did not contain a statement of the essential ingredients of any crime with the particularity and certainty required by law. The

demurrer was overruled *pro forma*. The accused pleaded not guilty. Upon the trial the jury rendered a verdict of "guilty" on each count, and the court sentenced the accused to pay the costs of the prosecution and to be confined at hard labor for a term of fifteen days on each count.

The accused filed a motion in arrest of judgment upon the grounds set forth in the demurrer, with the additional ground that the information nowhere alleges "that the accused made a loan of money, one of the very essential ingredients of the offense set forth in" Chapter 143 of the Public Acts of 1915.

The appeal contains assignments of error based on the overruling of the demurrer, the denial of the motion in arrest, errors in the charge as given, errors in refusals to charge and in rulings on evidence, and on the denial of the motion to set aside the verdict.

In our view of the case the question arising upon the demurrer and on the motion in arrest is decisive, and is the only question we purpose to consider.

The section upon which the information is based reads as follows: "No person, and no firm or corporation or agent thereof, other than a pawnbroker, as provided in Chapter 235 of the Public Acts of 1905, shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept, or make any agreement to receive, therefor, interest at a rate greater than twelve per centum per annum." This section originated as a part of Chapter 238 of the Public Acts of 1907. The Act was amended by Chapter 244 of the Public Acts of 1911, but the essentials of the offense described in this section remained unchanged. The section was again amended by Chapter 143 of the Public Acts of 1915, by adding the words, "as guarantor or otherwise." This amendment did not change the elements of the offense

defined by the section. The section already brought every form of loan within its terms. The addition emphasized the fact that a loan made by way of guaranty or in any other way was within the terms of the Act. Evidently the intention of the legislators was to prevent the making of loans under color of a guaranty, or in any other way.

Applied to this case, the State must allege and prove that the accused did (1) directly or indirectly loan money, and (2) did directly or indirectly charge, demand or accept interest at a rate greater than twelve per centum per annum. If the claim of the State is that the loan was made in some indirect way, the better pleading would require that the method of loan be stated. So, if the loan be made by a person as a guarantor, that fact should appear, together with such facts as would fairly apprise the accused of the character of the offense he must meet. "Ordinarily it is sufficient to charge a statutory offense in the words of the statute. But when the words of a statute by their generality may embrace cases falling within its literal terms which are not within its meaning and spirit, or where from the nature of the offense the words of the statute do not clearly and definitely apprise the accused of the offense charged against him, then greater particularity must be used." *State* v. *Costello,* 62 Conn. 128, 25 Atl. 477. The case before us falls within the second class of the exceptions noted. We adopted, in *State* v. *Lockbaum,* 38 Conn. 400, 403, the statement of Chief Justice Bronson in *The People* v. *Taylor,* 3 Denio (N. Y.) 91, 95, of the requirements essential to support the charge of a crime, and on two occasions we have reiterated this. "It is enough if the offense is set forth with such clearness and certainty as to apprise the accused of the crime for which he is called to answer, and to enable the jury to deliver an intelligent verdict, the court to render a proper judgment, and the accused to plead his

conviction or acquittal in bar of another prosecution for the same offense." *Wolcott* v. *Stickles*, 85 Conn. 322, 326, 82 Atl. 572; *State* v. *McGee*, 81 Conn. 696, 72 Atl. 141.

The information does not charge the accused with having loaned money to Bushley, but charges that he did "guarantee the loan of $50 in money." The statute does not make the receipt of a rate of interest greater than twelve per centum per annum for the guarantee of a loan an offense, but the receipt of such rate for a loan. The guarantee of a loan is not a loan. To guarantee a loan is to undertake to pay a debt or perform a duty, in case of the failure of another person primarily liable for such payment or performance. *Ball Electric Light Co.* v. *Child*, 68 Conn. 522, 525, 37 Atl. 391. The making of a loan creates an absolute obligation: the guaranteeing a loan a conditional obligation. The information does not set up an offense under the statute.

In addition, the offense it attempts to set up is not set forth with sufficient clearness and certainty to apprise the accused of the precise offense with which he stands charged. *State* v. *Bierce*, 27 Conn. 319; *State* v. *Costello*, 62 Conn. 128, 25 Atl. 477. The demurrer should have been sustained and the motion in arrest allowed.

The State insists that the defect in the information was cured by the verdict. Such a defect is one where an essential averment is imperfectly stated, and the court after verdict presumes that the verdict could not have been rendered without proof of this averment, and hence finds that the defective averment has been cured by the verdict. *State* v. *Keena*, 63 Conn. 329, 331, 28 Atl. 522. The defect in this case is not that of an imperfect averment, but that of a failure of averment. The defect in this instance was not cured by the verdict.

There is error and a new trial is ordered.

In this opinion the other judges concurred.