The defendant was convicted on one count of pool selling in violation of § 53-295 of the General Statutes and has appealed. The information charged that the defendant "on or about June 14, 1961, at Norwalk, did commit the crime of pool-selling (9 counts)" in violation of the statute. The state and defense counsel both accepted this as being an information containing nine counts. The defendant moved for a bill of particulars, asking the state to set out in detail the dates, the places and the specific acts for which he was informed against. This was followed by a further motion that the prosecution specify the dates between June 5 and June 12 on which the defendant violated the statute. In response to the motion, the state filed a bill of particulars alleging that the defendant on all dates from June 5 through June 14, excluding June 11, took horse bets; that these bets were called in to him by telephone by an accomplice who received the bets at a certain manufacturing plant; and that the money was turned over to the defendant by the accomplice at the parking lot of that plant.
Before considering the various assignments of error, we deem it necessary to point out that the initial misunderstanding as to the nature of the information has led to much of the confusion to *Page 249 
which the information, as drawn, has given rise. It was assumed that there were nine counts, and the defendant throughout the trial demanded that the state prove each of the counts or any of them. The court found the defendant guilty on one count and not guilty on eight counts.
There was only one count charged in the information, and no trial or judgment could result from the words "(9 counts)." The function of an information is to charge the accused named with the commission of the crime therein set forth. State v.Delmonto, 110 Conn. 298, 299. The averments must be stated with sufficient clearness to apprise the accused of the offense with which he is charged.State v. O'Brien, 93 Conn. 643, 647. An omission of the essential elements of the offense from the charge is not cured by verdict or judgment. State v. Keena,63 Conn. 329, 331. Under our former practice, the information was required to comply with the formulary common-law rules and to contain a statement of all the facts and circumstances essential to charge the crime with such particularity and certainty as to enable the defendant to understand the nature of the accusation and to prepare his defense. This specificity was also required in order that the jury might direct their verdict to the offense as charged, that the court might impose a sentence appropriate to an offense definitely on the record, and that the conviction or acquittal might constitute res judicata. State v. Costello, 62 Conn. 128,130.
Our present procedure authorizes the short-form information, in which it is sufficient to charge the offense by using its common-law or statutory name or by reference to the statute of which violation is claimed, by identifying the accused and by stating the time and place of the occurrence. State v. *Page 250 Davis, 141 Conn. 319, 320; Practice Book §§ 343, 344, 347, 349; Cir. Ct. Rules 1.1.1., 3.3.1. The information in the case at bar conformed to the rules as to the one count set out. The supposed other eight counts did not constitute separate charges. Where multiple counts are set up, each count must stand independently, must contain all the elements of an information as prescribed by the rules, and must be complete in itself so that the court and jury may take such action on it as the law and the evidence may warrant. We need not consider any aspects of the appeal except as it deals with the ultimate finding on the one count on which the defendant was found guilty.
The provision in Practice Book § 345 for a bill of particulars fully protected the right of the accused "to demand the nature and cause of the accusation." Conn. Const. art. I § 9; State v. Davis,
supra, 321. The constitutional guarantee is satisfied if the bill of particulars contains sufficient averments so that the information and the bill of particulars, taken together, meet the requirements of an information at common law. See State v. Costello,
supra. It does not entitle the defendant to a preview of the state's case or to specifications that are simply evidential. The information or bill of particulars need only state sufficient facts to enable the defendant to prepare his defense or to protect his rights on appeal. See State v. McLaughlin,132 Conn. 325, 337, A-211 Rec. Briefs 441; State
v. Murphy, 124 Conn. 554, 560; State v. Pallotti,119 Conn. 70, 72, A-60 Rec. Briefs 7; Dombroski
v. Abrams, 116 Conn. 454, 455; notes, 5 A.L.R.2d 444, 10 A.L.R. 982. The short-form of information need not allege the means by which the offense was committed. In effect, it charges that the crime was committed by any means which the state may prove on trial. If the evidence shows that the crime alleged *Page 251 
was committed in a certain manner, then the information must be read as though it alleged that the crime was committed by that means. State v.Mele, 140 Conn. 398, 402. The bill of particulars furnished the defendant applied only to the one count in which he was charged with a violation of the law against pool selling. It specified the taking of bets by the defendant or through his accomplice on several dates and at certain places. It was not a substitute for the information and could not present particulars inconsistent with the information. Practice Book § 346. The information charged a general violation of the statute. That was sufficient in law to sustain a conviction. What constitutes a violation of § 53-295 (formerly Rev. 1902, § 1359) has been defined as follows in State v. Scott,80 Conn. 317, 324: "[The statute] is plainly directed against that form of pool-gambling which includes bets on the results of horse-races and other specified events. This pool-gambling is the substantive offense created. Persons concerned in the accomplished crime are made liable to its penalties. The offense is described in a single sentence, which specifies various ways in which persons may be involved in its commission, but the description of the real offense sought to be prevented culminates in the broad mandate that every person who shall `be concerned in buying or selling any such pools' shall be punished. . . . While each specified mode of assisting in the accomplishment of the main offense is thus made an offense, yet the definition of each mode is given for the purpose of making more certain the punishment of those concerned in the main offense, and should be read and interpreted in the light of this purpose." See also State v. Fico,147 Conn. 426, 428; State v. Genova, 141 Conn. 565, 568.
The bill of particulars, contrary to the defendant's contention, was not a specification relating to *Page 252 
nine separate counts but only a statement of divers events, all of which, severally or together, had reference to that portion of the statute which is directed against "any person who makes, records or registers any such wagers or bets, or buys or sells, or is concerned in buying or selling, any such pools, or in carrying on the business of the transmission of money to any race track or other place there to be bet . . . ." The particulars given the defendant furnished him with such information as he was entitled to have in order to prepare and present his defense; and there is no claim by him that such uncertainty existed in the charge as presented that he was in fact prejudiced in his defense upon the merits or that substantial injustice resulted. SeeState v. Mola, 128 Conn. 407, 410.
In our view of the case, it becomes unnecessary to consider in detail any of the thirteen assignments of error directed to the finding, because these are inextricably tied to the erroneous assumption that there were nine counts in the information and that the court was thus presented with the dilemma of determining on which of the nine counts the defendant was found guilty. We have, however, examined carefully the assignments which assert that certain findings were made without evidence and that certain other facts should have been found because they were material and undisputed. There are no corrections that can be made which would materially affect the finding as it stands. The finding and the evidence show the following: On June 14, 1961, a police officer of the Norwalk police department, with a warrant, arrested and searched the person of the accused in the parking lot of the Edwards Company in Norwalk. The accused had in his possession $525.02 and a slip of paper, admittedly in his handwriting, on which was a tally of the amounts of bets placed. A state's witness, Joseph *Page 253 
G. Allington, arrested at the same time in that lot, had been in contact with the accused from June 5 to June 14, inclusive, and during that period had turned over to him, in the parking lot, sums of money bet on various horse races. During the period, he delivered to the accused $299 for bets, for which he, Allington, received $60 as his commission. In the defendant's apartment was found, among other papers indicating bets, a tally sheet which contained entries, identified with the name "Joe," showing that the defendant had received the amount of money for bets and paid out as a commission the sum testified to by Allington. The paper found on the person of the accused had thereon entries corresponding to the entries on the tally sheet found in the apartment. It was in the defendant's handwriting and also had written thereon the name "Joe." The court concluded that the defendant was guilty of a violation of § 53-295.
In his assignment of errors, the defendant claims that certain paragraphs of the finding should have been stricken because they were not within the allegations of the bill of particulars. He relies on the rule in State v. Scott, supra, 321, which, referring to a detailed information filed by the prosecution, states: "The Attorney has thus limited himself to the proof of a violation of the statute substantially in the manner described." See also State v. DiLorenzo,138 Conn. 281, 284. The defendant contends, in effect, that since the bill of particulars specified the taking of bets, it was incumbent on the state to prove that he personally made bets or received them from the individuals placing them. He further contends that if the proof is otherwise, even though the evidence shows a violation of the same statute, the state has failed to prove its case. And finally he makes the claim that the court, in correcting the finding at his request, had stated the *Page 254 
particular violation to be that he was carrying on the business of the transmission of money to be bet or placed on any horse race, and that this conclusion is inconsistent with the specifications in the bill of particulars and therefore the judgment finds no basis or support in the information.
If, as the defendant maintains, the evidence that was adduced did not prove a particular description of the crime alleged in the information, as limited by the bill of particulars, it would amount to a defect in form, or at most a variance between the allegations and proof. Such defect or variance, if it did exist, was amendable and did not constitute ground for acquittal. No prejudice having been claimed or shown, the objection amounts to a technicality which the defendant, in the absence of any proper motion in the trial court, is considered to have waived. Practice Book § 352. "The defendant cannot now obtain a new trial for amendable defects in the information of which he did not seasonably take advantage . . . ." State v. McGee,80 Conn. 614, 617; see also State v. Kemp, 126 Conn. 60,82; State v. Hayes, 127 Conn. 543, 582. There is no merit in the defendant's contention that, to support a finding of guilty, it was requisite for the state to prove that he personally took the alleged bets. His motion to correct the finding judicially admits that Allington took bets at his place of employment, called the accused, and turned over the net proceeds of the bets to the accused. See Bridgeport
v. Stratford, 142 Conn. 634, 646; Kashman v.Parsons, 70 Conn. 295, 302. He makes the distinction that these bets were "cumulative," that the proceeds represented a total of bets for one week, and, therefore, that they were not individual bets or wagers within the meaning of the statute. The statute is not limited in its definition to such complexities of operation as are best known only to *Page 255 
those who seek to evade its terms. It reaches not only the active participant but also anyone "concerned" with the prohibited act, whether through part performance of it or by use of an accomplice. See State v. Fico, 147 Conn. 426, 430; State v.Genova, 141 Conn. 565, 568; State v. Scott, 80 Conn. 317,324.
The defendant further states that the court in its conclusion on the subordinate facts found that the defendant had violated the statute in a certain manner, that is, by carrying on the business of transmitting money to be bet or placed on any horse race. This ultimate conclusion was the result of a correction made by the court in its original finding, at the request of the defendant. The objection raised by him is that the bill of particulars did not contain such a specific charge. The conclusion of the court, before it was restated, was that the defendant was guilty of violating § 53-295, which was tantamount to a finding of guilty as charged. It was equivalent to a general verdict. The defendant was no more entitled to a further specification in the court's conclusion of guilt than he would have been to interrogatories and a special verdict in a jury trial. We have already observed that a variance between the evidence and the charge, if amendable, is not cause for acquittal. It is not seriously contended that the facts found were insufficient to support a conviction under § 53-295. Neither is it claimed that the evidence offered was not adequate, in the required degree of proof, to sustain a conviction under the portion of the statute quoted above. Whether the reason for the court's conclusion was stated correctly would, under the circumstances, be immaterial, for if the conclusion was valid from facts lawfully found, the fact that the court may have relied upon a wrong analysis or theory does not render the conclusion erroneous. *Page 256 Eastern Oil Refining Co. v. Court of Burgesses,130 Conn. 606, 611; Maltbie, Conn. App. Proc. § 36.
In his final assignment, the defendant claims error in the ultimate conclusion that upon the evidence he was guilty of the crime charged beyond a reasonable doubt. This assignment is without merit.
 There is no error.
In this opinion JACOBS and GEORGE, JS., concurred.