## State of Connecticut *v.* Andrew Barles

Superior Court      Hartford County      File No. 25910

Memorandum filed January 16, 1964

*John D. LaBelle,* state's attorney, for the state.

*Joseph J. Fauliso,* of Hartford, for the defendant.

KLAU, J.   The defendant has filed a motion to quash the information, alleging that he was arrested without a warrant and that therefore the arrest was illegal.

Defendant was arrested by Lieutenant John Roach of the Hartford police on December 3, 1963, at about 12:50 p.m. at Teddy's Lunchroom on Park Street for pool selling and taking wagers on horse races from one Anthony DeJohn.   The arrest was made without a warrant and was based on information which Roach had received from DeJohn about one hour previously.   At about 11:30 a.m. that morning, the officer, who was accompanied by another officer, had observed DeJohn purchasing an "Armstrong," a publication devoted to racing results and forecasts, and observed him going into Teddy's Lunch.   While DeJohn was in the lunchroom, the officer observed the defendant looking out of the door.   Shortly thereafter DeJohn left the lunchroom, got into his car and drove himself to his place of employment at a housing project at Dutch Point.   Both officers followed him there and engaged

in a conversation with him. Upon questioning him, DeJohn told both officers that he had placed bets with the defendant and handed Roach a list of races on which he had placed such bets earlier that morning while he was in the lunchroom. He also gave Roach a list of bets which he had placed with the defendant the day before. DeJohn was asked if he would go to the police station and give a written statement. He indicated his willingness to do so and accompanied the officers to the police station. While a written statement was being taken from DeJohn, he was advised by Roach that he was under arrest, and thereafter Roach left the police station, went to Teddy's Lunch and found the defendant there. The officer told the defendant of the information concerning the placing of the bets placed with him which was given by DeJohn and arrested the defendant without a warrant and searched his person, removing a sum of money found in his pockets. DeJohn raised no objection to the manner of his arrest on being presented in the Circuit Court and pleaded guilty to the charge made against him. On December 5, 1963, the defendant was arrested on a bench warrant issued by the Superior Court. The information is in four counts, the first two of which charge the defendant with pool selling, the third with taking wagers on horse races on December 3 from DeJohn, and the fourth with taking wagers on horseraces from DeJohn on December 2, 1963.

Defendant claims that his arrest was illegal, first, because it was based on information obtained as a result of the claimed illegal arrest of DeJohn and, secondly, because it was not upon speedy information received by the officer of the commission of the offenses. The right to arrest without a warrant, whether for a felony or a misdemeanor, in this state is based on § 6-49 of the General Statutes. The right to arrest a person without a warrant can be

exercised by an officer only if such person is taken or apprehended by the officer in the act constituting the offense or on the speedy information of others. *State* v. *Carroll,* 131 Conn. 224; *Sims* v. *Smith,* 115 Conn. 279; *Price* v. *Tehan,* 84 Conn. 164.

The state concedes that the arrest of neither DeJohn nor the defendant was made while he was taken or apprehended in the act with which he was charged. The state claims that the arrest of the defendant was based on speedy information of the commission of the offenses which was obtained from DeJohn by the officer. The defendant, however, asserts that his arrest was illegal because the information upon which he was arrested, coming as it did from DeJohn, cannot be used by the state as a basis for his own arrest since such information was obtained as a result of the illegal arrest of DeJohn. The defendant raises the analogy in support of his claim of the exclusion and suppression of evidence obtained as a result of illegal search or seizure in violation of the fourth and fourteenth amendments to the constitution of the United States. Such exclusion, the defendant asserts, is a precedent for granting his motion to quash the information because the arrest of the defendant is a "tainted" one. The defendant cites, among others, the following cases as his authority: *State* v. *DelVecchio,* 149 Conn. 567; *State* v. *Fahy,* 149 Conn. 577; *Boyd* v. *United States,* 116 U.S. 616, and a recent case, *Mapp* v. *Ohio,* 367 U.S. 643. Further, the defendant claims that his arrest was not based on speedy information received by the officer following the commission by the defendant of the offenses charged in the information.

The defendant raises these issues by a motion to quash the information. A motion to quash is in effect a demurrer to the information. See §§ 499, 529

and 530 of the 1963 Practice Book. The motion will not lie in this case, since the face of the record is valid. A bench warrant was issued by a judge of the Superior Court pursuant to a complaint by the state's attorney. It has been returned to this court, and an information has been filed which validly charges the defendant with a crime. *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 611; *Wickwire* v. *State,* 19 Conn. 477; 22 C.J.S., Criminal Law, § 313.

The defendant cannot raise the issue of the illegality of the arrest of DeJohn as a basis for dismissing the information. It was DeJohn's right to privacy which was affected, if at all, by the manner of his arrest, and not that of the defendant. The defendant's analogy to the suppression of evidence obtained as a result of an illegal search and seizure cannot aid him in this case. "[T]he objection to evidence obtained as the fruit of a search or seizure made in violation of constitutional immunities has apparently usually been thought of as invoking a rule of exclusion. Manifestly, however, the rule allowing the objection is not designed to protect the parties against unreliable evidence. Quite the contrary. The constitution-makers looked back to the protection of the person, the home, and the owner's effects, against unreasonable official interference. If the court rejects the evidence, it is not because it would shed a false light on the issues, but only because its exclusion may serve to discourage future unlawful seizures and raids. The objection, then, seems properly classed as a claim of privilege. If this conclusion is sound, the losing party as such would not be entitled to complain on appeal of an erroneous refusal to exclude the evidence. Such is the actual practice of the courts. If a party is on trial, and weapons, contraband liquor, incriminating books and documents, or the like, are

admitted as evidence against him, despite the fact that they had been seized by officers without warrant or reasonable cause, he has no ground of complaint on appeal, unless it appears that the premises invaded were owned or occupied by him or the articles seized belonged to him or were in his custody. Invasion of a third person's interests will not suffice." McCormick, Evidence, § 74, p. 154; see also *Lagow v. United States,* 159 F.2d 245, 246 (2d Cir. 1946); *Connolly* v. *Medalie,* 58 F.2d 629, 630 (2d Cir. 1932) *(L. Hand, J.).*

The defendant has not been aggrieved by the arrest of DeJohn or by the information he gave the police. "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." *Jones* v. *United States,* 362 U.S. 257, 261; see also *United States* v. *Thomas,* 216 F. Sup. 942. Moreover, there is nothing to indicate that the information obtained from DeJohn was obtained as a result of his arrest. It appears that he gave the information voluntarily and willingly. It was not the product of the arrest. *State* v. *Traub,* 151 Conn. 246, 249.

The information upon which the officer acted was speedy information. The offenses committed by the defendant and with which he is charged occurred within the hour prior to his arrest. The officer acted speedily upon the information which was obtained from DeJohn. General Statutes § 6-49; *Sims* v. *Smith,* 115 Conn. 279. It was information received and acted upon promptly after the commission of the offenses charged in the information.

Finally, the defendant was brought before the court upon an information following the service upon him of a bench warrant obtained by the state from the Superior Court. The action of the Superior Court in issuing a bench warrant supersedes the arrest made without a warrant by Lieutenant Roach, insofar as that arrest was made upon information received from others. General Statutes § 54-43; *State* v. *Chin Lung*, 106 Conn. 701, 720; *Walters* v. *Platt*, 22 Conn. Sup. 1. The arrest made under the bench warrant is the arrest upon which the information in the present case is based. General Statutes § 54-42; *State* v. *Annunziato*, 145 Conn. 124, 129.

The motion to quash the information is denied.