supra, 41; see *United States* v. *Robinson,* 325 F.2d 391; *Costello* v. *United States,* 298 F.2d 99; *Sorrentino* v. *United States,* 163 F.2d 627; *United States* v. *Blich,* 45 F.2d 627; *United States* v. *Fay,* 234 F. Sup. 543; *United States* v. *Keown,* 19 F. Sup. 639. In the instant cases, as in *State* v. *Plummer,* supra, the arrest was made, not on probable cause, but on speedy information and the officers' own personal observation.

For the reasons stated herein, the defendants' motions to suppress the evidence must be, and the same are, hereby denied.

STATE OF CONNECTICUT *v.* MATTHEW J. COSTELLO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 5-10653

Argued October 30, 1967—decided January 19, 1968

*William K. Bennett,* of Ansonia, and *Robert Kapusta,* of Ansonia, for the appellant (defendant).

*Arnold Markle,* chief prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant was charged with pool selling in violation of General Statutes § 53-295 and with policy playing in violation of § 53-298. Before arraignment, he filed a motion for a bill of particulars which the court denied, and later he filed a motion to quash the arrest warrant which was also

denied. After a trial to the court, the defendant was found guilty on each count and has appealed.

In his motion to correct the finding, the defendant has requested the striking from or adding to the finding of facts which he claims, in his assignment of errors, were admitted, undisputed or uncontradicted. We have examined the transcript and find that there was evidence which, with the reasonable inferences therefrom and the subordinate facts found, furnished support for the conclusions. "Facts are not admitted or undisputed merely because they are not contradicted. The question of credibility is for the trier." *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 223; *Setaro Motors, Inc.* v. *Intelisano,* 151 Conn. 590, 592.

The finding, which is not subject to any of the corrections sought by the defendant, shows the following facts: On April 13, 1967, and for approximately four years prior thereto, Sergeant Dennerstein was attached to the criminal intelligence unit of the Connecticut state police department. He had been a member of that department for about eleven years. The criminal intelligence unit concerns itself with organized crime as it pertains to gambling, prostitution, narcotics and other vices. He was an expert on the prohibited operations of pool selling and policy playing. On the date mentioned, at about 12:55 p.m., Sergeant Dennerstein was on duty at a factory known as H. C. Cook Company, in Ansonia. For a while before the time stated, he had under observation a telephone booth, located in another room, to which various people had access. During the period of observation, he was about thirty or forty feet away from the telephone booth and had seen three or four women enter and leave it. At the hour mentioned, he heard the telephone bell ring in the booth he was watching. Thereupon he saw the defendant enter the booth. Sergeant Dennerstein

approached the booth to a point between a foot and one and one-half feet from it. He saw the defendant seated in the booth with numerous white slips of paper in his hand and a number of other white slips on a telephone book resting on the shelf in the booth. The telephone receiver was lying on that shelf. There was sufficient light for Sergeant Dennerstein to read the matter written on the top slip in the defendant's hand, and it consisted of horse bets. Sergeant Dennerstein then arrested the defendant as a result of his observations and his ability to decipher that the top slip the defendant held in his hand while using the telephone had horse bets written thereon. After the arrest, Sergeant Dennerstein took into his possession the slips of paper which were in the defendant's hand and which contained a record of horse bets, and also the slips on the booth shelf which had written thereon tallies of policy plays.

Upon the foregoing subordinate facts, the court concluded that the defendant was concerned with the buying or selling of pools in violation of § 53-295 of the General Statutes and with policy playing in violation of § 53-298. In his appeal, the defendant has assigned a number of errors, claiming that the court erred (1) in denying his motion for a bill of particulars; (2) in denying his motion to quash the arrest warrant; (3) in denying his motion to suppress evidence; (4) in finding certain facts without evidence; (5) in failing to find certain facts in the defendant's motion to correct, which facts were admitted or undisputed, or as to which "no evidence was offered to dispute them"; (6) in reaching the conclusions it did when the subordinate facts found do not support them; (7) in admitting the evidence of Sergeant Dennerstein; and, finally, (8) in concluding on all the evidence that the defendant was guilty as charged beyond a reasonable doubt. We have

already considered the claims raised by the fourth, fifth and sixth assignments, and no further discussion is necessary. Furthermore, the facts sought to be added to the finding would in no way have affected the issues presented and the ultimate results arrived at.

## I

"The information is in the short form authorized by Practice Book . . . [§ 493]. At common law it was necessary to set forth in an information, in detail, the means by which the particular offense was accomplished. 2 Swift's Digest 378. That requirement has now been removed by the rule. It was to avoid unnecessary prolixity that the rule permitting short-form informations was adopted." *State* v. *Davis,* 141 Conn. 319, 320. "The practice authorized by . . . [§ 493] has been held to be constitutional." *State* v. *Whiteside,* 148 Conn. 208, 211, citing *State* v. *Davis,* supra. The information in this case, although in general terms, is sufficient in that it charges the defendant with crimes according to the terms of and by reference to the statutes creating the crimes, and it sets forth with precision the date when and the place where the crimes are alleged to have occurred. *State* v. *Davis,* supra; Practice Book §§ 493, 494.

The motion for a bill of particulars consisted of more than two pages and sought allegations of minutiae which were mainly evidential in nature. Under the circumstances here present, they were not needed by the defendant to inform him "of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the constitution of this state." Practice Book § 495. The statutes were plainly directed at certain types of gambling and specified various ways in which the offenses might

be committed. See *State* v. *Scott,* 80 Conn. 317, 324; *State* v. *McLaughlin,* 132 Conn. 325, 337, A-211 Rec. & Briefs 441. The arrest of the defendant was made at the time of the alleged commission of the offenses charged. All the information necessary to prepare a defense was detailed in a warrant which was made part of the file and was available to the defendant for examination.

The defendant is not entitled "to a preview of the state's case or to specifications that are simply evidential. . . . If the evidence shows that the crime alleged was committed in a certain manner, then the information must be read as though it alleged that the crime was committed by that means. *State* v. *Mele,* 140 Conn. 398, 402." *State* v. *Miller,* 24 Conn. Sup. 247, 250, 1 Conn. Cir. Ct. 534, 538. Since the defendant offered no evidence to support his claim that the information sought was required for preparation of his defense, the denial of his motion for a bill of particulars was not erroneous. *State* v. *Curtis,* 146 Conn. 365, 368.

## II

In his second assignment, the defendant claims error in the court's denial of his motion to quash the arrest warrant. He points to no authority, nor have we been able to find any rule by statute, practice or under common law for such a motion. It is elementary that a warrant is not a pleading, and whereas formerly it was part of the arrest file it is now returned, after execution, to the court which issued it. Where it is claimed that the warrant itself is infirm or the action thereunder illegal, the attack should be directed to the information or to the jurisdiction, over person or subject matter as the case may be. *State* v. *Licari,* 153 Conn. 127, 134. A motion to quash the information is in effect a demurrer to the information. *State* v. *Barles,* 25

Conn. Sup. 103, 106; see Practice Book §§ 499, 529, 530. The objection to the validity of the process cannot be sustained. *State* v. *Dibble,* 59 Conn. 168, 169.

In his brief, the defendant departs from or fails to pursue the two averments on which the motion to quash was based: (1) The affidavit in the warrant failed to state facts sufficient to establish probable cause for the defendant's arrest; (2) General Statutes § 54-33h (formerly § 53-279) is unconstitutional and violates the rights of the defendant under the fourth amendment. Instead, the defendant argues at considerable length on the invalidity of the warrant and the illegality of his arrest and the subsequent seizure of the paper slips, money and other property inventoried in the return made by Sergeant Dennerstein on the warrant.

In his brief and argument, the defendant ignores two salient facts advanced by the state, found by the court, and supported by the evidence. The arrest, indisputably, was an "on sight" arrest pursuant to General Statutes § 6-49. The alleged offenses were misdemeanors. "Section 6-49 of the General Statutes authorizes police officers to arrest for a misdemeanor without a warrant when the person arrested 'is taken or apprehended in the act.' Compliance with that statute determines the legality of an arrest without a warrant. *State* v. *Traub,* 150 Conn. 169, 173 . . . . 'An accused is lawfully "taken or apprehended in the act" if the circumstances observed by the officer preceding the arrest, viewed in the light of common knowledge and his own training and experience, gave him probable cause to believe that a crime was being, or had just been, committed.' *State* v. *DelVecchio,* 149 Conn. 567, 575 . . . . The amount of evidence necessary to furnish probable cause for an arrest without a warrant is to be measured by the facts of the particular case,

and it need not be evidence sufficient to convict. *Wong Sun* v. *United States,* 371 U.S. 471, 479 . . . . A reasonable search which is incident to a lawful arrest is not unlawful even though it is made without a warrant. *State* v. *Collins,* 150 Conn. 488, 492 . . . ." *State* v. *Elliott,* 153 Conn. 147, 151–52.

### III

The defendant also stresses, without offering supporting authority, that the presence of the arresting officer on the factory premises was not proved by the state to be legal and that this raises a hypothesis of illegality, thus vitiating the arrest and search of the defendant. The claim of invasion of the right of the defendant, in violation of the fourth amendment of our federal constitution, is without merit. *State* v. *Elliott,* supra, 152–53. The premises belonged to the factory owner, and the defendant had no interest in them. He is not entitled to claim the benefit of an invasion of privacy of a third party—even if such were the fact—in order to invalidate an otherwise legal arrest and search. *Jones* v. *United States,* 362 U.S. 257, 261–62 . . . ; see *State* v. *Caponigro,* 4 Conn. Cir. Ct. 603, 615.

It is asserted by the state that the search warrant was issued, not for the purpose of arrest, search and seizure, but, after these had been accomplished, to comply with the requirements of § 54-33h. The statute is attacked as being unconstitutional, but no Connecticut case or other convincing authority is cited in support of this naked claim and we do not feel constrained to give it further consideration. See *State* v. *DeMartin,* 153 Conn. 708, 709. This statute provides for the issuance of a warrant after certain papers, books, money or paraphernalia used for gambling have been seized without a warrant. This, as the state claims, is for the purpose of providing a basis for postconviction, in rem proceed-

ings. In view of what we have already said, it is unnecessary to consider further this assignment of error. The arrest, search and seizure were lawful under the provisions of § 6-49, and, on the case before us, further discussion of the purpose of the contemplated in rem proceedings on the basis of the warrant is superfluous.

## IV

The same reasoning applies to the court's ruling denying the motion to suppress. We find no such motion in the file, and the only reference to it is in the brief and in the transcript of evidence. We have examined the latter carefully and can find no error in the denial of the motion, if such a motion had been made orally. Although § 54-33f does not expressly provide that a motion to suppress be in writing, it would seem the better practice for it to be, in order that the grounds for the motion may be carefully considered and, if presented on appeal, may furnish a precise issue for review. The circumstances under which such a motion may be granted are set out in the statute cited; on the record before us, the court could reasonably find that the defendant had failed to sustain his burden of proving that the seized property was inadmissible in evidence.

## V

The defendant assigns, in one paragraph, error in the court's ruling admitting the testimony of Sergeant Dennerstein. This assignment is not in conformity with our rule, which requires that each such assignment shall be separately numbered and refer to an annexed exhibit which shall set forth the question, the objection, the answer, if any, and the exception. Practice Book § 989 (4). So far as this assignment finds fault with the asserted illegality of the sergeant's presence on the premises and invalidity

of the arrest and seizure, we have already decided otherwise, and the evidence was not inadmissible for any of these reasons.

As to the final general assignment, we have considered all the evidence and in our opinion the court could reasonably arrive at the conclusion that the defendant was guilty beyond a reasonable doubt on both counts. See *State* v. *Rafanello,* 151 Conn. 453, 455.

There is no error.

In this opinion KINMONTH and MACDONALD, Js., concurred.