THE STATE OF CONNECTICUT *vs.* GLENN A. HEN-
DERSON.

Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

The distinguishing feature between the statutory crime of embezzle-
ment by agent (General Statutes, § 6517) and larceny, is that the
latter is always characterized by a felonious taking.

The information alleged and the trial court found that after the
defendant had received, as the agent of C, two mortgage bonds
for the sole purpose of ascertaining their market value, he
wrongfully sold them and converted the proceeds to his own
use with felonious intent to defraud. *Held* that he was properly
charged with and convicted of committing the crime of em-
bezzlement by agent.

The State was not required to prove, under the statute, that the
defendant's agency existed prior to the delivery of the bonds
to him.

When an accused is tried to the court and convicted, the only
method of raising in this court the objection that his guilt was
not proved beyond a reasonable doubt, is by an assignment of
error based upon a claim to that effect made in the trial court;
this court may then review the facts found to determine whether
or not the claim was well taken.

Argued June 2d—decided June 30th, 1925.

INFORMATION charging the accused with the crime
of embezzlement by agent, brought to the Superior
Court in Fairfield County and tried to the court,
*Avery, J.;* judgment of guilty, and appeal by the ac-
cused. *No error.*

*Clifford B. Wilson,* for the appellant (the accused).

*William H. Comley,* States Attorney, with whom,
on the brief, was *E. Earle Garlick,* Assistant State's
Attorney, for the appellee (the State).

PER CURIAM. The accused was charged with em-
bezzlement under § 6517 of the General Statutes, by

having received as the agent of Elizabeth Cooke two mortgage bonds of the value of $1,000, for the purpose of ascertaining their market value, and a few days later by wrongfully selling the bonds and converting the proceeds to his own use. The accused pleaded not guilty and elected to be tried by the court, without a jury. He was found guilty and sentenced to imprisonment and duly appealed from the judgment. His first assignment of error is the denying of his motion to dismiss the information on the ground that the State had not proved beyond a reasonable doubt the guilt of the accused. So far as appears upon the record no such motion was made. The only way in which the subject-matter of the motion could be determined by this court would be upon an assignment of error based upon a claim made to the trial court that the State had not proved the guilt of the accused as charged beyond a reasonable doubt, and upon a review by us of the facts found in order to determine whether or not the claim was well taken. This method was not pursued in this case. The same point is pursued in assignment of error 2 (b) that the finding of guilty was erroneous since the State had not proved beyond all reasonable doubt the guilt of the accused of the crime charged. The finding of facts supports the judgment and since the finding stands uncorrected this assignment of error falls.

Error in the finding of "guilty" is also predicated upon the failure to find agency prior to delivery to the defendant of the bonds. The finding of the receipt of the bonds as agent was all that the statute required.

The last claimed error is the finding of guilty when the crime charged was larceny rather than embezzlement. The distinguishing feature between these two crimes is that in larceny there is the felonious taking, while in embezzlement, "the property being in the

lawful possession of the party who appropriated it, there was no trespass or breach of the technical possession which is essential in the case of larceny." *State v. Lanyon,* 83 Conn. 449, 451, 76 Atl. 1095. The appropriation of the bonds with "the felonious intent to defraud" the said Elizabeth Cooke of her bonds, which the information alleges and the court has found, occurred after the bonds came into the hands of the accused as her agent, and is the allegation of the breach of the trust which is always present in embezzlement by an agent as a result of which one's property in the hands of the agent is converted to the use of the agent. To constitute embezzlement by agent, the statute requires, this information charges, and the court finds a statement of, these elements constituting this crime, (1) the agency, (2) the receipt of the bonds as agent, (3) the conversion or appropriation of them to his own use, (4) the felonious intent to defraud.

There is no error.