THE STATE OF CONNECTICUT *vs.* ROCCO PALLOTTI ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 14th—decided July 27th, 1934.

*W. Arthur Countryman, Jr.,* and *Walfrid J. Lundborg,* for the appellant (accused Pallotti).

*Francis P. Pallotti,* for the appellant (accused Orsini).

*Hugh M. Alcorn,* State's Attorney, and *Harold E. Mitchell,* Assistant State's Attorney, for the appellee (the State).

MALTBIE, C. J. The information charged in the first count that the two appellants, Pallotti and Orsini, with three others named and other persons unknown to the State's Attorney, conspired together to commit an assault and breach of the peace at certain places provided by law for voting in voting precincts in Hart-

ford during the city election held November 7th, 1933, and that in pursuance of the conspiracy the defendants destroyed certain official voting lists then being used and intimidated and interfered with certain duly constituted election officials then engaged in the performance of their duties, and with voters then seeking to exercise their right of franchise, and that the defendants assaulted certain election officials named; and in seven other counts it charged the defendants with assault and breach of peace. The appellants were found guilty upon the first count and certain of the other counts. No change can be made in the finding of the trial court which would be of material advantage to the appellants, and it amply sustains the conclusions of the trial court that they were guilty of the offenses charged in the counts upon which judgment was rendered in favor of the State. Nor does an examination of the evidence, invoked by an assignment of error that the judgment of the court is not supported by the evidence offered in the case, disclose that the trial court could not reasonably come to the conclusions which it did.

The appellant Pallotti assigns error in the denial of a motion he made that the State file a bill of particulars giving more information as to details of the offense charged in the first count. An information may charge an offense merely by the name by which it is known at common law or in the statutes or by merely stating so much of the definition of the offense as will give the court and the accused notice of what offense is intended to be charged. Rules of Pleading in Criminal Actions, § 4, Practice Book, p. 302, Insert. Where an information is filed charging the offense in either of these ways, and its allegations fail to inform the accused as to the particulars of the offense sufficiently to enable him to prepare his defense or fail to give him

the information to which he is entitled under the Constitution, the accused has a right to such a bill of particulars as may be necessary for these purposes; Rules of Pleading in Criminal Actions, § 5(1), Op. Cit.; and in any case the trial court may, if it deems it in the interest of justice, order the State's Attorney to furnish a bill of particulars. Rules of Pleading in Criminal Actions, § 5(2), Op. Cit. The information in this case was not drawn in accordance with the provisions of § 4, but stated the circumstances of the offense with considerable particularity; nor does it at all appear that it failed to inform the accused of the "nature and cause of the accusation;" Constitution of Connecticut, Article First, § 9; or give him sufficient information to enable him to prepare his defense. The accused was not entitled to the bill of particulars requested as a matter of right. Whether the trial court was correct in the ground on which it put its denial of the motion, we have no need to inquire, for the record fails wholly to disclose that any harm could have come to the accused from that denial.

The trial court, in imposing sentence upon the appellant Pallotti, said: "I will impose a sentence of three months in jail on the first, second and fourth counts on Pallotti, and suspend sentence on the seventh count." Thereupon the appellants moved for a stay of sentence and the trial court granted the motion. Immediately thereafter counsel for the accused conferred with the judge, raising a question whether the sentences imposed upon Pallotti were to run concurrently or consecutively and were informed that they were to be consecutive; and the judge also said that if there was any misunderstanding, the sentence would be made clear when the accused returned to court at the expiration of the stay of execution. Just before that time, Pallotti filed what his counsel has called a

notice of appeal, and requested a further stay, which the trial court granted. With the accused and their counsel present in court, it stated that the judgment was reopened and directed that the sentences imposed upon Pallotti run consecutively.

The established rule is that a sentence in a criminal case may be modified at any time during the term of court at which it was imposed, if no act has been done in execution of it. *Commonwealth* v. *Weymouth*, 84 Mass. (2 Allen) 144; 16 C. J. p. 1314. The appellant Pallotti relies, however, as obviating this rule, upon the so-called notice of appeal which was filed. There was, under the Rules for Appellate Procedure then in effect, no occasion to file a notice of appeal. The reference was no doubt to a paper filed the same day as that on which the court finally declared the sentence, which was in terms an appeal but was not accompanied by the requisite bond, and was, therefore, by the express provision of our rules, void and of no effect. Rules for Appellate Procedure, § 2. On the same day an appeal in proper form, accompanied by a bond, was filed. But that it had been filed before the action of the court in regard to the sentence imposed upon the appellant Pallotti does not appear of record, but rather the contrary. That it was filed the same day would not, in such a case as this, justify our treating it as filed before that action. *Tilbert* v. *Eagle Lock Co.*, 116 Conn. 357, 363, 165 Atl. 205. We have, therefore, no need to consider whether the power of the trial court to modify a sentence is terminated when an appeal is taken to this court.

There is no error.

In this opinion the other judges concurred.