## STATE OF CONNECTICUT
### vs.
### T. FRANK HAYES, ET AL.

Superior Court     New Haven County     File #6026
(At Waterbury)

MEMORANDUM FILED JULY 7, 1938.

For appearances, see *State vs. Hayes,* 6 Conn. Sup. 215.

INGLIS, J. The law applicable to these motions is set

forth in section 302 of the Practice Book (1934) and in *State vs. Pallotti,* 119 Conn. 70, 73, 174 Atl. 74, 75. It is, that when an information fails to inform the accused of the "nature and cause of the accusation" and therefore violates his constitutional rights, a bill of particulars must be ordered and if it fails to give him sufficient information to enable him to prepare a defense such bill of particulars should be ordered. The Court may in its discretion order a bill of particulars when it deems it to be in the interest of justice to do so.

The requests for more particular statements in this case are too numerous to discuss in detail. Suffice it to say that a careful study of the lengthy information makes it clear that it fully informs the accused of the nature and cause of the accusation made against them and a careful testing of it as against the various requests for more particular statements indicates that it is adequate to permit the accused to prepare their defense.

Except in the case of Henry Minor the interests of justice would not be promoted by ordering the State to comply with the requests for more specific statement and in the discretion of the Court such order should not be entered.

As regards Henry Minor the situation is somewhat different. All of the others are charged with certain overt acts. That charge of overt acts indicates how each of them was connected with the conspiracy. It is not alleged that Henry Minor participated in any specific overt act done in pursuance of the conspiracy. The only charge against him is the general one that he conspired with the rest to defraud the City of Waterbury by unlawful means. It would seem that justice would be promoted if he were informed as to what part the State claims he had in the alleged conspiracy.

Accordingly the motions for bills of particulars of each and all of the accused except Henry Minor are denied, and the motion for bill of particulars of Henry Minor is denied except that it is ordered that the State by bill of particulars set forth what part the said Henry Minor had in the alleged conspiracy.