STATE OF CONNECTICUT *v.* ELIZA C. DAVIS

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued May 5—decided June 1, 1954

*John E. Larkin,* for the appellant (defendant).

*Bernard A. Kosicki,* state's attorney, for the appellee (state).

WYNNE, J. The defendant went to trial before a jury on an information which contained three counts under § 8693 of the General Statutes, defining embezzlement, and three counts under § 8696, which relates to obtaining money by false token, pretense or device. She was found guilty on one of the counts purporting to charge the crime of embezzlement and on each of the counts setting forth a violation of § 8696. After the verdict, she made a motion in arrest of judgment based upon the insufficiency of the information. From the denial of this motion she has appealed. The assignment of error is based solely upon the denial.

The information is in the short form authorized by Practice Book, § 344. At common law it was necessary to set forth in an information, in detail, the means by which the particular offense was accomplished. 2 Swift's Digest 378. That requirement has now been removed by the rule. It was to avoid unnecessary prolixity that the rule permitting short-form informations was adopted.

The third count of the information accused the defendant "on or about February 16, 1953, at Cromwell, Connecticut, of taking, purloining, secreting, or of appropriating to her own use or to the use of others the monies in her care or custody as agent with the intent to defraud another," in violation of § 8693 of the General Statutes. As to this count, the argument is made by the defendant that neither the kind of agency supposed to have existed nor the principal is identified. While it is true that the count is in general terms, it does charge the defendant with the crime of embezzlement. It gives the date and the place in precise language, and it sets forth the statute in question. The count contained all the elements of the crime of embezzlement by

agent, a crime defined by statute, and the statute was cited. *State* v. *Henderson,* 102 Conn. 658, 660, 129 A. 724; *State* v. *Wyman,* 118 Conn. 501, 507, 173 A. 155; *State* v. *Pallotti,* 119 Conn. 70, 72, 174 A. 74. It charged the crime in the manner prescribed by the rule.

The counts relating to obtaining money by false pretenses were in substantial compliance with the rules, and in each case the statute was cited. They also satisfied the requirements of a short-form information as set forth in the rule. *State* v. *Mele,* 140 Conn. 398, 402, 100 A.2d 570; *State* v. *Silver,* 139 Conn. 234, 236, 93 A.2d 154. Any practical question that confronted the defendant could easily have been solved by obtaining a bill of particulars. Practice Book, § 345, provides for this, and it would seem that the objections now raised could easily have been overcome. The provision in the rules for a bill of particulars fully protected the defendant's right under article first, § 9, of the Connecticut constitution "to demand the nature and cause of the accusation." See *State* v. *Murphy,* 124 Conn. 554, 560, 1 A.2d 274; *State* v. *Pallotti,* supra.

There is no error.

In this opinion the other judges concurred.