## State of Connecticut *v.* Gloria Monar
### (7397)

Spallone, Lavery and Cretella, Js.

Argued May 1—decision released August 14, 1990

*Charles W. Fleischmann,* with whom, on the brief, was *John R. Gulash, Jr.,* for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *C. Robert Satti, Jr.,* assistant state's attorney, for the appellee (state).

CRETELLA, J. The defendant appeals from her conspiracy conviction challenging the denial of her motion for judgment of acquittal and the denial of her motion to correct sentence. She was charged by means of a substitute information, in three counts, with the following offenses: (1) possession of a narcotic substance with intent to sell or dispense by a person who is not drug-dependent, in violation of General Statutes § 21a-278 (b);[1] (2) transportation of a narcotic substance

---

[1] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marihuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years."

with intent to sell or dispense by a person who is not drug-dependent, in violation of General Statutes § 21a-278 (b); (3) conspiracy to possess or transport a narcotic substance with intent to sell or dispense, in violation of General Statutes §§ 53a-48 and 21a-277.[2] After a jury trial, she was convicted on only the third count. She raises the following claims in this appeal: (1) the trial court did not instruct the jury on the elements of the substantive offenses when giving instructions on the conspiracy charge; (2) the wording of the conspiracy charge failed to advise her adequately of the nature and cause of the accusations against her; (3) remarks by the state's attorney during closing argument deprived her of a fair trial; (4) the court should

---

[2] General Statutes § 21a-277 provides in relevant part: "PENALTY FOR ILLEGAL MANUFACTURE, DISTRIBUTION, SALE, PRESCRIPTION, DISPENSING. (a) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marihuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned.

"(b) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance, except a narcotic substance, or a hallucinogenic substance other than marihuana, except as authorized in this chapter, may, for the first offense, be fined not more than twenty-five thousand dollars or be imprisoned not more than seven years or be both fined and imprisoned; and, for each subsequent offense, may be fined not more than one hundred thousand dollars or be imprisoned not more than fifteen years, or be both fined and imprisoned.

"(c) No person shall knowingly possess drug paraphernalia in a drug factory situation as defined by subdivision (20) of section 21a-240 for the unlawful mixing, compounding or otherwise preparing any controlled substance for purposes of violation of this chapter."

not have admitted evidence of a sum of money found in the defendant's purse; (5) the third count of the substitute information was fatally defective because it charged three offenses in the disjunctive;[3] and (6) the trial court should not have denied her motion to correct sentence.

The jury could have reasonably found the following facts, among others. The state's attorney's office and the Stratford police department established a surveillance at the Howard Johnson's Motor Lodge in Stratford, on the basis of information received through a wiretap. At approximately 8 p.m. on July 24, 1987, a white vehicle containing four occupants entered the parking lot. Two females, the defendant and her daughter, exited the vehicle and were arrested. The daughter was carrying a satchel on her shoulder that contained approximately $900,000 worth of cocaine. The defendant had $31,480 in her purse.

I

The defendant claims that the trial court failed to instruct the jury on the elements of the offense alleged in the third count. At trial, she objected to the court's charge on the third count, stating that although the court had instructed on the elements of conspiracy, the court did not elaborate upon the elements of the substantive offense alleged in that count, viz., a violation of General Statutes § 21a-277 (a).

We review claims regarding the court's charge to the jury according to certain well established principles. Jury instructions must be read as a whole. *State* v. *Rouleau,* 204 Conn. 240, 252, 528 A.2d 343 (1987). We review " 'the substance of the charge rather than the form of what was said . . . .' " *State* v. *Silano,* 204

---

[3] The defendant's second and fifth claims are closely related and will be considered together.

Conn. 769, 776, 529 A.2d 1283 (1987). The charge must be considered from the standpoint of its probable effect on the jury in guiding them to a proper verdict. *State v. McCalpine,* 190 Conn. 822, 830, 463 A.2d 545 (1983). It must fairly present the case to the jury so that no injustice is done. *State v. Storlazzi,* 191 Conn. 453, 466, 464 A.2d 829 (1983). It need not be exhaustive, perfect or technically accurate. *State v. Mason,* 186 Conn. 574, 585, 442 A.2d 1335 (1982).

The record reveals that although the court gave detailed instructions on the elements of conspiracy and on the elements of the violations of § 21a-278 (b) alleged in the first two counts, it did not instruct the jury on the elements of a violation of General Statutes § 21a-277 (a). In its instruction on the third count, however, the court stated that the underlying crime, which was the object of the conspiracy alleged in the third count, was "the possession and distribution of cocaine."

Section 21a-278 (b) and 21a-277 (a) both proscribe the activities of possessing or transporting narcotics with intent to sell. The only significant difference between the two statutes, for purposes of this case, is that "unlike § 21a-278 (b), drug dependency is neither an exemption nor an element of § 21a-277 (a)." *State v. Luca,* 19 Conn. App. 668, 673, 563 A.2d 752 (1989).

The court's instructions could have misled the jury to believe that it could not convict her of the charge alleged in the third count unless it found beyond a reasonable doubt that she was not drug-dependent. If the jury was confused in this manner, that confusion could have only benefitted the defendant by making her conviction on the third count less likely. We conclude that although the court's instruction possibly misled the jury, the inaccuracy in the instruction had no effect on the ultimate verdict of guilty.

The charge was favorable to the defendant and is therefore not a justifiable basis of complaint by her. *State* v. *Cochran,* 191 Conn. 180, 188, 463 A.2d 618 (1983).

## II

Two of the defendant's claims will be considered together because they are closely related. First, the defendant claims that the third count of the substitute information failed to apprise her adequately of the nature and cause of the accusations against her.[4] The third count refers to General Statutes § 21a-277, but does not refer to a specific subsection of that statute. The defendant did not request a bill of particulars. "Under our practice, it is sufficient for the state to set out in the information the statutory name of the crime with which the defendant is charged, leaving to the defendant the burden of requesting a bill of particulars more precisely defining the manner in which the defendant committed the offense." *State* v. *Ruiz,* 171 Conn. 264, 270, 368 A.2d 222 (1976); see Practice Book §§ 830–833; *State* v. *Davis,* 141 Conn. 319, 320–21, 106 A.2d 159 (1954).

The defendant claims that Practice Book §§ 831 and 832 are unconstitutional in that they place the burden of requesting a more definite statement of the charges

---

[4] The third count reads as follows: "AND SAID STATE'S ATTORNEY FURTHER accuses the said GLORIA MONAR of Conspiracy and charges that at the Town of Stratford, Fairfield County, between the approximate times of 7:30 p.m. and 8:03 p.m., July 24, 1987 at Stratford and at other locations the said GLORIA MONAR, with intent that conduct constituting the crime of Violation of the State Dependency Producing Drug Law in violation of Section 21a-277 be performed, agreed with one or more persons to engage in or cause the performance of such conduct and there were committed one or more overt acts in the performance of such conspiracy in violation of Section 53a-48 of the Connecticut General Statutes."

upon the defendant.[5] Prior to 1965, the Connecticut constitution provided that "[i]n all criminal prosecutions, the accused shall have a right . . . to demand the nature and cause of the accusation." Const. of 1818, art. I, § 9. The defendant contends that the rule of *State v. Davis,* supra, placing the burden of requesting a bill of particulars on the defendant, made sense under the constitution in effect at that time because the former article first, § 9, gave the defendant only a right "to demand" such a bill. At present, the constitution provides that "[i]n all criminal prosecutions, the accused shall have a right . . . *to be informed* of the nature and cause of the accusation." Const. of 1965, art. I, § 8. (Emphasis added.) According to the defendant, the substitution of the phrase "to be informed" in lieu of "to demand" shows that the framers of the 1965 constitution intended to relieve the defendant of the burden of having to demand a bill of particulars. A criminal defendant has a right, under our present constitution, to be informed of the accusations against him, and if he is deprived of this right, the fact that he did not request a bill of particulars is irrelevant—so this defendant argues.

The relevant portion of art. I, § 8, of the Connecticut constitution of 1965 and of that section as amended in 1982; Conn. Const., amend XVII; is identical to language in the sixth amendment to the United States constitution.[6] Practice Book §§ 831 and 832 are consistent

---

[5] "[Practice Book] Sec. 831. [Bill of Particulars]——Time for Filing

"Pursuant to Sec. 811, the defendant may make a motion or the judicial authority may order at any time, that the prosecuting authority file a bill of particulars.

"[Practice Book] Sec. 832. [Bill of Particulars]——Content

"The judicial authority shall order that a bill of particulars disclose information sufficient to enable the defendant to prepare his defense, including but not being limited to reasonable notice of the crime charged and the date, time, and place of its commission."

[6] The sixth amendment to the United States constitution provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right

with that language. Under federal law, the defendant's constitutional right to be informed of the charges against him is met "[w]hen each count of [the] indictment contains the official citation of the statute under which the defendant is charged and the evidence constitutes precise proof of the charges in the indictment . . . ." *United States* v. *Bales,* 813 F.2d 1289, 1294 (4th Cir. 1987). This is similar to the rule of *State* v. *Davis,* supra. Under *Davis,* however, once the constitutional minimum has been met by an appropriate citation, the defendant has the burden of requesting a bill of particulars if she wants a more definite statement of the charges.

The defendant argues that even under *State* v. *Davis,* supra, the third count of the substitute information is defective in that it failed to cite a subsection of General Statutes § 21a-277. She contends that because the subsections of § 21a-277 proscribe different acts and carry different maximum penalties, she had a right to be charged under a particular subsection. She fails to show, however, that her ability to prepare a defense was in any way prejudiced by the fact that she was not charged under a subsection. The defendant must show prejudice. See *State* v. *Stepney,* 191 Conn. 233, 241, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984).

Because the defendant and her daughter were arrested with approximately $900,000 of cocaine in their possession, the defendant could not be prosecuted under any subsection other than § 21a-277 (a). Subsection (a) applies to narcotics and hallucinogenic substances other than marihuana. Subsection (b) is expressly made inapplicable to narcotics such as cocaine. Subsection (c) applies to the possession of drug

. . . . *to be informed* of the nature and cause of the accusation . . . ." (Emphasis added.)

paraphernalia in a drug factory situation. " 'The offense should be described with sufficient definiteness and particularity to apprise the accused of the nature of the charge so he can prepare to meet it at trial.' " Id., 240. In this case, the prosecutor's decision to cite section 21a-277 rather than subsection 21a-277 (a) could not possibly have misled the defendant. See *State* v. *Sumner,* 178 Conn. 163, 167–68, 422 A.2d 299 (1979).

Another claim of the defendant, closely related to the one just decided, is that, by failing to cite a subsection of General Statutes § 21a-277, the state, in effect, charged her under subsections (a), (b) and (c) in the disjunctive. In *State* v. *Cofone,* 164 Conn. 162, 167, 319 A.2d 381 (1972), our Supreme Court stated "The language of an indictment serves two primary purposes: it informs the accused of the nature of the crime charged and it acts as a bar to future criminal proceedings on the same cause. These functions dictate the retention of some limitations. Disjunctive charges, for example, are disfavored because they fail to apprise an accused of an exact crime; he, therefore, may not be able to prepare an adequate defense." See also *State* v. *Eason,* 192 Conn. 37, 40, 470 A.2d 688 (1984).

The state's decision to charge the defendant with conspiring to violate § 21a-277, rather than subsection 21a-277 (a), did not render the defendant vulnerable to prosecution under subsections (b) or (c). She and her daughter were not found in possession of a nonnarcotic controlled substance (subsection [b]) or drug paraphernalia in a drug factory situation (subsection [c]). The state's citation to § 21a-277 would have apprised a reasonable person, exercising common sense, that she was being charged in the third count with conspiracy to sell or dispense cocaine. Again, there is no possibility that the citation to § 21a-277 failed to apprise the accused of the exact crime, or impaired her ability to prepare a defense. See *State* v. *Cofone,* supra.

## III

The third claim of the defendant is that certain remarks by the prosecutor during closing argument deprived her of due process and a fair trial. No objection was taken to the allegedly improper comments at the time they were made, and, thus, the defendant does not challenge any action on the part of the court. We have reviewed the defendant's claim of prosecutorial misconduct under the four guidelines of *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[7] Focusing on the second guideline, we find that her claim is not of constitutional magnitude even though it alleges the violation of a constitutional right. "The defendant . . . bears the responsibility of demonstrating that [her] claim is indeed a violation of a fundamental constitutional right. Patently nonconstitutional claims that are unpreserved at trial do not warrant special consideration simply because they bear a constitutional label." Id., 240.

"Review of unpreserved claims of prosecutorial misconduct has been reserved for instances where the claimed misconduct was part of a pattern of misconduct repeated throughout the trial or was blatantly egregious." *State* v. *Horne*, 19 Conn. App. 111, 128,

---

[7] "Relying on the methodology of *State* v. *Whistnant*, 179 Conn. 576, 427 A.2d 414 (1980), we hold that a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

562 A.2d 43 (1989), citing *State* v. *Williams,* 204 Conn. 523, 537, 529 A.2d 653 (1987). Such circumstances do not exist in the present case.

## IV

Next, the defendant claims that the trial court should have granted her motion in limine and not allowed testimony regarding the seizure of $31,480 from her purse. Her objection is that this evidence is not relevant to the conspiracy charge contained in the third count of the substitute information. She cites *State* v. *Groos,* 110 Conn. 403, 408, 148 A. 350 (1930), for the proposition that "[t]he admissibility of articles found in a defendant's possession depends upon their being connected with or traced to the crime charged."

The trial court possesses broad discretionary power in determining the relevancy of evidence, and its determinations will remain undisturbed unless a clear abuse of discretion is shown. *State* v. *Mendez,* 15 Conn. App. 531, 536, 545 A.2d 587, cert. denied, 209 Conn. 810, 548 A.2d 441 (1988). The quantity of money seized from the defendant was relevant to the issue of intent to sell cocaine. *State* v. *Holeman,* 18 Conn. App. 175, 179, 556 A.2d 1052 (1989); *State* v. *Ruth,* 16 Conn. App. 148, 155, 547 A.2d 548 (1988); *State* v. *Uribe,* 14 Conn. App. 388, 393–94, 540 A.2d 1081 (1988).

## V

The defendant's final claim is that the trial court should have granted her motion to correct her sentence. The trial court sentenced the defendant on August 26, 1988, to ten years incarceration for "conspiracy to commit violation of the state dependency producing drug law, in violation of section 53a-48 and 21a-277 of the Connecticut General Statutes in the manner and form as per said substitute information on file." The basis for her motion to correct sentence is, in her own words,

that "[t]here is no articulated penalty for a violation of Conn. Gen. Stat. Sec. 21a-277. Any sentence, therefore, is without legislative authority and is illegal."

As we have stated throughout this opinion, it was abundantly clear under the circumstances of this case that the defendant was tried and convicted of a violation of subsection 21a-277 (a). There is an articulated penalty for such a violation. The maximum sentence includes incarceration for fifteen years. The same maximum sentence may be imposed upon a person who conspires to violate § 21a-277 (a). See General Statutes § 53a-51. The trial court lawfully sentenced the defendant to ten years incarceration.

The judgment is affirmed.

In this opinion the other judges concurred.