## State of Connecticut *v.* Cornell Mitchell
## (12589)

Heiman, Schaller and Hennessy, Js.

Argued December 8, 1994—decision released March 14, 1995

*Ross M. Delaney,* assistant public defender, for the appellant (defendant).

*David J. Sheldon,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* chief state's attorney, and *William Bumpus,* former assistant state's attorney, for the appellee (state).

SCHALLER, J. The defendant appeals from the judgments of conviction rendered in two separate proceedings. In the first proceeding, the defendant was convicted, following his guilty plea, of larceny in the sixth degree in violation of General Statutes § 53a-125b[1] and being a persistent larceny offender in violation of General Statutes § 53a-40 (c).[2] In the second proceeding, the defendant was convicted of burglary in the third degree in violation of General Statutes § 53a-103.[3] The defendant claims on appeal that (1) his five year sentence for being a persistent larceny offender should be set aside because he was illegally sentenced in violation of his constitutional right not to be subjected to multiple punishments for the same crime, and (2) his conviction for burglary in the third degree should be reversed because the long form information failed to allege an essential element of the offense in violation of his right under article first, §§ 8 and 9, of the Connecticut constitution. We affirm the judgment of the trial court.

With respect to the first proceeding concerning the larceny charges, the relevant facts are as follows. The defendant was arrested for attempting to steal a pair

---

[1] General Statutes § 53a-125b (a) provides: "A person is guilty of larceny in the sixth degree when he commits larceny as defined in section 53a-119 and the value of the property or service is two hundred fifty dollars or less."

[2] General Statutes § 53a-40 (c) provides: "A persistent larceny offender is a person who (1) stands convicted of larceny in the third degree in violation of the provisions of section 53a-124 in effect prior to October 1, 1982, or larceny in the fourth, fifth or sixth degree and (2) has been, at separate times prior to the commission of the present larceny, twice convicted of the crime of larceny."

[3] General Statutes § 53a-103 (a) provides: "A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein."

The defendant was also convicted on one count of possession of burglar's tools in violation of General Statutes § 53a-106, and one count of larceny in the fifth degree in violation of General Statutes § 53a-125a in this proceeding. The defendant makes no claims with respect to these convictions.

of boots from the Bradlees department store at 1250 Park Street in Hartford. On March 15, 1993, the defendant was charged with one count of larceny in the sixth degree, and one count of being a persistent larceny offender for the attempted theft. The defendant pleaded guilty to both charges on March 17, 1993. The defendant was sentenced to three months with respect to larceny in the sixth degree, and five years on the persistent larceny offender count.[4]

With respect to the second proceeding involving the charge of burglary in the third degree, the jury reasonably could have found the following facts. On November 15, 1992, Officers Alfred Fernino and Aurelio Rinaldi responded separately to a dispatcher's report that the burglar alarm of Connecticut Linen Company, located at 439 Homestead Avenue in Hartford, had been activated. Both officers conducted a search outside of the premises, but they found nothing out of the ordinary. After the officers had left, the burglar alarm was again activated. Upon being notified by the dispatcher that the burglar alarm had again been activated, the officers drove to the scene to investigate. Fernino noticed a blue duffel bag placed next to the rear wall of the building and immediately informed Rinaldi by radio. Fernino noticed that the bag contained white towels. He then located another blue duffel bag next to a fence that separated the property from railroad tracks. Fernino found the defendant hiding near the tracks. By this time, Rinaldi had arrived at the rear of the building, and the officers proceeded to arrest the defendant. A search of the defendant produced a screwdriver and a camping knife. After placing the

---

[4] The convictions in the two separate proceedings were consolidated for sentencing. The defendant also received the following sentences with respect to the second proceeding: burglary in the third degree, three years; larceny in the fifth degree, three months; possession of burglar tools, one year. All sentences were ordered to run consecutively. The total effective sentence from both proceedings was nine years and six months.

defendant in the cruiser, the officers continued their investigation. The officers located another duffel bag also filled with towels in a shopping cart. The defendant admitted that the shopping cart belonged to him and that he had put the bag in the cart. The officers also discovered that the lock on the rear door had been pried open and that the marks on the lock matched the shape of the defendant's knife. The towels in the duffel bags were found to be the property of Connecticut Linen Company. The defendant was convicted, following a jury trial, of three counts, including burglary in the third degree in violation of General Statutes § 53a-103.

## I

The defendant claims that his right under the fifth amendment to the United States constitution[5] that he not be subjected to multiple punishments for the same crime was violated by the trial court when it imposed an illegal sentence. We conclude that this claim is moot.

The trial court sentenced the defendant to a term of three months for the larceny in the sixth degree conviction and then sentenced the defendant to a term of five years on the persistent larceny offender count. Section 53a-125b classifies larceny in the sixth degree as a class C misdemeanor. General Statutes § 53a-40 (h) allows the court to sentence a persistent larceny offender who has committed larceny in the sixth degree to the term of imprisonment authorized for a class D felony by General Statutes § 53a-35. Section 53a-40 (h) provides in relevant part: "When any person has been found to be a persistent larceny offender . . . the court, *in lieu of* imposing the sentence authorized by section 53a-36 for the crime of which such person

---

[5] The double jeopardy clause of the fifth amendment to the United States constitution provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ."

presently stands convicted, may impose the sentence of imprisonment for a class D felony authorized by section 53a-35 . . . ." (Emphasis added.) The trial court improperly sentenced the defendant on both counts.

The trial court may sentence the defendant as a persistent larceny offender or on the underlying larceny count, but not both. General Statutes § 53a-40 (c). Practice Book § 935 provides in relevant part: "The judicial authority may at any time correct an illegal sentence . . . ." Accordingly, the defendant may challenge the legality of a sentence at any time, and we have the authority to correct the illegal sentence. *State* v. *Daniels*, 207 Conn. 374, 387, 542 A.2d 306 (1988), cert. denied, 489 U.S. 1069, 109 S. Ct. 1349, 103 L. Ed. 2d 817 (1989); *State v. Guckian*, 27 Conn. App. 225, 245, 605 A.2d 874 (1992), aff'd, 226 Conn. 191, 627 A.2d 407 (1993).

Even though Practice Book § 935 allows this court to correct an illegal sentence, the claim is moot in this case because the sentence has already been corrected. The trial court acting pursuant to an order of the sentence review division[6] of the Superior Court resentenced the defendant to three years and three months for being a persistent larceny offender under § 53a-40 (h).

Notwithstanding the correction, the defendant argues that the imposition of the illegal sentence by the trial court violated his constitutional right not to be punished for the same crime twice. That argument is unavailing. Until all avenues for challenging the legality of the defendant's sentence are exhausted, "jeopardy does not attach . . . ." *State* v. *Langley*, 156 Conn. 598, 601, 244 A.2d 366 (1968), cert. denied, 393 U.S. 1069, 89 S. Ct. 726, 21 L. Ed. 2d 712 (1969). It

---

[6] On January 25, 1994, the sentence review division addressed the claim of illegality. The division ordered the total effective sentence reduced to seven and one-half years.

is well established that resentencing does not "involve double jeopardy" in cases where the defendant's first sentence was illegal. Id., 602; see also *Mathes* v. *United States*, 254 F.2d 938, 939 (9th Cir. 1958); *Robinson* v. *United States*, 144 F.2d 392, 397 (6th Cir. 1944); *McCleary* v. *Hudspeth*, 124 F.2d 445, 447 (10th Cir. 1941), cert. denied, 316 U.S. 670, 62 S. Ct. 1043, 86 L. Ed. 1745 (1942). "The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. *In re Bonner*, 151 U.S. 242, 260, 14 S. Ct. 323, 38 L. Ed. 149 [1894] (quoting from the Supreme Court of Pennsylvania in *Beale* v. *Commonwealth*, 25 Pa. St. 11, 22)." (Internal quotation marks omitted.) *State* v. *Langley*, supra, 603.

## II

The defendant next claims that the judgment of conviction of burglary in the third degree should be set aside because the information fails to charge a cognizable criminal offense in violation of article first, §§ 8 and 9, of the Connecticut constitution.[7] The defendant also argues that under article first, § 8, the trial court lacked jurisdiction because the information was defective.

The long form information filed by the state charging the defendant with burglary in the third degree under General Statutes § 53a-103 (a), omitted the word

---

[7] Article first, § 8, of the Connecticut constitution provides in pertinent part: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel; to be informed of the nature and cause of the accusation . . . ."

Article first, § 9, of the Connecticut constitution provides: "No person shall be arrested, detained or punished, except in cases clearly warranted by law."

*unlawfully.*[8] Even though the information omitted the word *unlawfully,* the trial court instructed the jury that in order for the defendant to be guilty of burglary in the third degree the state must prove beyond a reasonable doubt "that the defendant knowingly entered or remained *unlawfully* in the premises . . . you must further find that the *unlawful* entry or remaining was effected or occurred with defendant's intent to commit a crime in that building."

Practice Book § 811 allows a defendant to raise a jurisdictional claim that an information is defective.[9] *State* v. *McMurray,* 217 Conn. 243, 249, 585 A.2d 677 (1991); *State* v. *Vincent,* 194 Conn. 198, 204 n.10, 479 A.2d 237 (1984). We note that Practice Book § 815 affords a defendant an opportunity to ask for dismissal of the charges based on "defects in the indictment or information including failure to charge an offense" by filing a pretrial motion. The defendant did not raise the issue of a defect in the long form information before or during the trial.

Moreover, "[w]hen reviewing a claim, not raised prior to the verdict, that an information fails to charge all the essential elements of an offense, we must construe the information liberally in favor of the state." *State* v. *McMurray,* supra, 217 Conn. 250; see also *Hagner* v. *United States,* 285 U.S. 427, 433, 52 S. Ct. 217, 76 L. Ed. 861 (1932); *United States* v. *Hooker,* 841 F.2d

[8] The long form information charging the defendant with third degree burglary states: "The undersigned Assistant State's Attorney accuses Cornell Mitchell of the crime of BURGLARY IN THE THIRD DEGREE and further alleges that at or near 439 Homestead Avenue, Hartford, Connecticut, at approximately 9 p.m., on or about November 15, 1992, the said Cornell Mitchell entered a building with the intent to commit a crime therein in violation of Connecticut General Statutes § 53a-103."

[9] Practice Book § 811 provides in pertinent part: "[D]efenses and objections alleging lack of jurisdiction over the offense charged or failure of the indictment or information to charge an offense may be raised . . . at any time during the pendency of the proceedings."

1225, 1228–29 (4th Cir. 1988); *United States* v. *Previte,* 648 F.2d 73, 80 (1st Cir. 1981); *United States* v. *Fistel,* 460 F.2d 157, 161 (2d Cir. 1972). "Under the applicable standard of review, a conviction based upon a challenged information is valid unless the information is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. *United States* v. *Fistel,* supra, 161, quoting *United States* v. *Thompson,* 356 F.2d 216, 226 (2d Cir. 1965), cert. denied, 384 U.S. 964, 86 S. Ct. 1591, 16 L. Ed. 2d 675 (1966)." (Internal quotation marks omitted.) *State* v. *McMurray,* supra, 250. "The underlying purpose of the constitutional right to be informed of the nature and cause of a criminal charge is to inform 'the defendant of the charge against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise' and to make the charge 'definite enough to enable [the defendant] to plead his acquittal or conviction in bar of any future prosecution for the same offense . . . .' *State* v. *Sumner,* 178 Conn. 163, 168, 422 A.2d 299 (1979), citing *Russell* v. *United States,* 369 U.S. 749, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962)." *State* v. *McMurray,* supra, 249; see also *State* v. *Cates,* 202 Conn. 615, 625–26, 522 A.2d 788 (1987); *State* v. *Vincent,* supra, 194 Conn. 205. "The offense should be described with sufficient definiteness and particularity to apprise the accused of the nature of the charge so he can prepare to meet it at his trial." *State* v. *Stepney,* 191 Conn. 233, 240, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984).

" 'The defendant can gain nothing from his present claim without showing that he was in fact prejudiced in his defense on the merits and that substantial injustice was done to him because of the language of the information. *State* v. *Rafanello,* 151 Conn. 453, 457, 199 A.2d 13 (1964); *State* v. *Mola,* [128 Conn. 407, 410,

23 A.2d 126 (1941)]; 5 Wharton, Criminal Law and Procedures § 2056.' *State* v. *Sumner*, 178 Conn. 163, 168, 422 A.2d 299 (1979)." *State* v. *Vincent*, supra, 194 Conn. 205–206 n.12; see also *State* v. *Roque*, 190 Conn. 143, 156, 460 A.2d 26 (1983). In order to prevail on a claim that the information was defective, the defendant must show that "[his] ability to prepare a defense was . . . prejudiced . . . ." *State* v. *Monar*, 22 Conn. App. 567, 574, 579 A.2d 104, cert. denied, 216 Conn. 828, 582 A.2d 206 (1990); see also *State* v. *Stepney*, supra, 191 Conn. 241.

Construing the information liberally in favor of the state, it sufficiently apprised the defendant of the nature of the charge and provided sufficient details to prevent any future prosecution on the same charges. The information mentioned the statute that the defendant was charged with having violated and facts essential for the defendant to prepare his defense. A reasonable construction of the information as presented warrants a conclusion that the defendant was informed of the offense of which he was later convicted. Moreover, the defendant has failed to demonstrate that the alleged failure of the state to charge an essential element of the offense prevented him from adequately preparing his defense or caused any prejudicial surprise to his case.

The defendant argues that the jury may have been misled by the alleged defective information during deliberations. The trial court in this case, however, instructed the jury as to the state's burden to prove beyond a reasonable doubt that the defendant had entered or remained in the building *unlawfully* in order for them to find the defendant guilty of burglary in the third degree. The defendant has not challenged in any manner the trial judge's instructions to the jury; therefore, those instructions are presumed to have been correct. *State* v. *Coleman*, 167 Conn. 260, 268, 355 A.2d

11 (1974); *Begley* v. *Kohl & Madden Printing Ink Co.*, 157 Conn. 445, 451, 254 A.2d 907 (1969); *State* v. *Mallette*, 153 Conn. 584, 587, 219 A.2d 447 (1966). " 'It is essential to any orderly trial that the jury be presumed, in the absence of a fair indication to the contrary, to have followed the instruction of the court as to the law.' " *State* v. *Coleman*, supra, 268, quoting *State* v. *Bausman*, 162 Conn. 308, 314, 294 A.2d 312 (1974). The defendant has raised no claim that the jury failed to follow the instructions of the court regarding the elements of the offense to be proven by the state.

Furthermore, the defendant did not request a bill of particulars to gain additional information about the state's case. In Connecticut, " 'it is sufficient for the state to set out in the information the statutory name of the crime with which the defendant is charged, leaving to the defendant the burden of requesting a bill of particulars more precisely defining the manner in which the defendant committed the offense.' " *State* v. *Vincent*, supra, 194 Conn. 205, quoting *State* v. *Ruiz*, 171 Conn. 264, 270, 368 A.2d 222 (1976); *State* v. *Sumner*, supra, 178 Conn. 167; see also *State* v. *Davis*, 141 Conn. 319, 320–21, 106 A.2d 159 (1954). The defendant's failure to request a bill of particulars combined with the fact that the information provided the applicable statutory section and other details of the offense charged makes the required showing of prejudice impossible here. See *State* v. *Vincent*, supra, 205. "The defendant's claim of error merely raises the spectre of prejudice, and we have held such a showing legally insufficient upon which to challenge an information." Id., 205 n.12.

The defendant also contends that the conviction should be reversed because the trial court lacked jurisdiction due to the allegedly defective information under article first, § 8, of the Connecticut constitution. Our Supreme Court has not determined whether a trial

court lacks jurisdiction when a substitute long form information omits an essential element of the crime, even though it included the relevant statute, and where the defendant did not suffer any prejudice by the omission. *State* v. *McMurray*, supra, 217 Conn. 249. We find persuasive Justice Bogdanski's well reasoned concurrence in *State* v. *Coleman*, supra, 167 Conn. 280–81, in which he stated that "[w]here the short form accusation is not itself fatally defective, however, omissions in supplemental bills of particulars do not deprive the trial court of jurisdiction. I believe the more sensible view to be that nonprejudicial nonjurisdictional defects in the bill of particulars do not require dismissal."

The defendant argues further that his right to personal liberty guaranteed by article first, § 9, of the Connecticut constitution has been violated and, therefore, his conviction of third degree burglary should be set aside. The defendant has not shown that he was in any way prejudiced by the omission of the word *unlawfully*; moreover, the defendant has not argued that he did not receive a fair trial. The state's evidence presented at trial was compelling, and, on the basis of that evidence, the jury could have concluded beyond a reasonable doubt that the defendant was guilty. Moreover, the defendant fails to provide any decisional law that would support his assertion that article first, § 9, provides a remedy in case of a defective information.[10] "Due process is not to be regarded as a giant vacuum cleaner which sucks up any claims of error which may occur to a party upon microscopic examination of the trial record." *State* v. *Kurvin*, 186 Conn. 555, 564, 442 A.2d 1327 (1982); *State* v. *McMurray*, supra, 217 Conn. 253.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[10] It is well established that article first, § 8, is the appropriate avenue to address a claim of a defective information. *State* v. *McMurray*, supra, 217 Conn. 248–49; *State* v. *Cates*, supra, 202 Conn. 624–25.