[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS MOTION FOR BILL OF PARTICULARSCT Page 10136-GMOTION FOR DISCOVERY MOTION IN LIMINE
IN RE MOTION TO DISMISS:
The defendant moves the court to dismiss the first and second counts of the Substitute Information dated April 6, 1995 claiming that there is insufficient evidence or cause to justify the bringing or continuing of the those two counts. Additionally, the defendant claims that the two counts would promote a compromise verdict by the jury.
It is important to note, with respect to these various motions, that counsel agreed in open court during the hearing on these motions that the State's Attorney has basically an "open file" policy with respect to factual and evidential matters as they relate to this case. Within this file is an eleven page Arrest Warrant Application detailing with great specificity the facts and circumstances surrounding a fatal accident wherein the defendant Terrance Fish, operating a motor vehicle, struck and killed a pedestrian on February 18, 1994 on Day Street in Brooklyn Connecticut. The Court (Kaplan, J.) found probable cause that a negligent homicide with a motor vehicle had occurred. The investigating State Police officer concluded that alcohol, fatigue and inattentiveness contributed to this fatality.
The court has reviewed the warrant application and concludes that there is a sufficient factual predicate, when viewed with the inferences which a jury might reasonably make, to support the charges of Manslaughter in the second degree and Misconduct with a Motor Vehicle as set forth in the Substitute Information.
The defendant offered no evidence at the hearing, nor any, CT Page 10137 case law, to support the defendants' claim that allowing the two felony counts to stand would promote a compromise verdict by the jury." Additionally, PB § 816 prohibits a defendant who has been arrested pursuant to a warrant from moving to dismiss on the grounds of insufficiency of the evidence.
The motion to dismiss the Substitue [Substitute] Information is therefore, denied.
MOTION FOR BILL OF PARTICULARS:
The accused in a criminal proceeding has the right "to be informed of the nature and cause of the accusation[s] . . . against him." U.S. Const., amend. VI; Conn. Const., art. I 8. In this present case, the defendant was charged by means of a short form information pursuant to Practice Book 618. The information contained, as required, a statement of the offense charged, a citation to the statute, the defendant's name, the geographical location of the crime, and a statement that the crime was committed on or about a particular date. Subsequently the State filed a Substitute Information adding two other crimes with the same minimal particularity as the initial Information.
". . . A short form information gives a defendant only minimal data on the alleged criminal activity and is permitted by this court because of our recognition that a defendant has the opportunity to obtain the information to which he [is] constitutionally entitled by requesting a bill of particulars." State v. Carbone, 172 Conn. 242,258, 374 A.2d 215, cert. denied, 431 U.S. 967, 97 S.Ct. 2925,53 L.Ed.2d 1063 (1977); State v. Davis, 141 Conn. 319, 321,106 A.2d 159 (1954).
"The function of the bill of particulars . . . is to enable the defendant to obtain a more precise statement of the offense charged in the information in order to prepare a defense."(Citations omitted) State v. Frazier, 194 Conn. 233, 236 (1984).
The defendant is therefore entitled to a more detailed statement of the charges against him. (see also PB § 830 et seq.) The State shall comply with the defendants' request for a Bill of Particulars by filing an amended or substituted information setting forth reasonable notice of the crime charged and the date, time, and place of the commission of those crimes. Since the State has adopted an "open-file" policy in this case, and since the affidavit accompanying the Arrest Warrant Application contains such CT Page 10138 a detailed description of the State's case, the manner and mode of the commission of those crimes need not be more particularly described.
MOTION FOR DISCOVERY:
The defendant has essentially abandoned his request that the specific questions set forth in his motion for discovery be answered, in light of the State's "open-file" policy. Instead, during argument, he requests only that the State make inquiry of the police or other agencies that may have investigated this case to determine if there are other written statements which may not be in the State's file at present. In this respect only, the defendant's Motion for Discovery is granted. The State shall provide copies of any witness statements in advance of the witnesses testimony.
MOTION IN LIMINE:
The defendant has moved in limine for an order instructing the State's Attorney and all witnesses, to refrain from making any reference to any evidence regarding the Defendant's consumption of alcohol or access to, and/or proximity to alcoholic beverages. The defendant maintains that his use of alcohol is either irrelevant or uncharged misconduct and in any case, the probative value it may possess is greatly outweighed by its highly prejudicial nature.
"Trial courts have broad discretion in determining the relevancy of evidence. State v. Piskorski, 177 Conn. 677, 695, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S.Ct. 283, 62 L.Ed.2d 194 (1979). "Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable. Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue. Evidence is admitted, not because it is shown to be competent, but because it is not shown to bed incompetent. No precise and universal test of relevancy is furnished by the law, and the question must be determined in each case according to the teachings of reason and judicial experience." (Citations omitted.) State v. Schaffer, 168 Conn. 309, 317,362 A.2d 893 (1975), quoting Federated Department Stores Inc. v. Boardof Tax Review, 162 Conn. 77, 82, 291 A.2d 715 (1971)." State v.CT Page 10139Sharpe, (Dannehy, J.) 195 Conn. 651, 659 (1985).
The Arrest Warrant Application in this case clearly sets forth facts relating to the defendant's work, lack of sleep and consumption of alcohol as factors contributing to the fatal accident. The effect on the operator of a motor vehicle of consuming alcohol is certainly relevant for consideration by a jury in a motor vehicle vs pedestrian fatality case.
The defendant's counsel has aptly pointed out that the mere drinking of alcoholic beverages is not a crime. This argument undermines his position in this motion in limine that evidence of the consumption of alcoholic beverages constitutes uncharged misconduct. The drinking of alcoholic beverages may not have been sufficient to constitute misconduct, but it most certainly appears to be relevant to the defendants manner of operation of his motor vehicle on the day and time in question. The issue then is, if relevant, is it sufficiently prejudicial to be excluded from evidence.
"Evidence is relevant if it has any tendency in reason to prove or disprove any disputed fact that is of consequence to a determination of the matter in issue." State v Briggs, 179 Conn. 328,332, 426 A.2d 298 (1979), cert. denied, 447 U.S. 912,100 S.Ct. 3000, 64 L.Ed.2d 862 (1980). Logically relevant evidence, however, may be excluded if its probative value is outweighed by its unfairly prejudicial effect."(citations omitted) State v.Higgins, 201 Conn. 462, 469 (1986)
The Supreme Court has enunciated four situations where prejudice to the defendant could outweigh the probative value of evidence. These are:
"(1) where the facts offered may unduly arouse the jury's emotions, hostility or sympathy, (2) where the proof and answering evidence it provokes may create a side issue that will unduly, distract the jury from the main issues, (3) where the evidence offered and the counterproof will consume an undue amount of time, and (4) where the defendant, having no reasonable ground to anticipate the evidence, is unfairly surprised and unprepared to meet it." (Internal quotation marks omitted.) State v. Greene,209 Conn. 458, 478-79, 551 A.2d 1231 (1988). We have also noted, however, that ultimately, "[a] trial court has broad discretion in determining whether the probative value of proffered evidence is outweighed by the prejudice that is likely to result from its CT Page 10140 admission. . . .State v. McGraw, 204 Conn. 441, 449-50,528 A.2d 821 (1987).
State vs Prioleau 235 Conn. 274, 307 (1995)
The only one of these situations that applies relates to the arousal of the jury's emotions, hostility or sympathy, that is, that the offer of this evidence may have a prejudicial effect upon the jurors. Care should be taken not to confuse prejudicial testimony with damaging testimony, see State v. Wilson, 180 Conn. 481,490. The jurors in this case are likely to hear a great deal of testimony that may be sympathetic to the decedent, damaging to the defendant's case and perhaps, even hostile or prejudicial to the defendant.
This court concludes however, that testimony of this nature is endemic to this type of criminal proceeding, but the mere mention of the consumption of alcoholic beverages by the defendant, assuming a proper foundation is made, does not rise to the level of "unduly" arousing the emotions, hostility or sympathy of the jurors.
The Defendant's Motion In Limine, is denied.
The Court, Foley, J. CT Page 10141