STATE OF CONNECTICUT *v.* HECTOR S. SOTO
(13569)

Lavery, Landau and Spear, Js.

Argued October 30—decision released December 26, 1995

*Donald D. Dakers,* special public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Richard Palumbo,* assistant state's attorney, for the appellee (state).

PER CURIAM. After a jury trial, the defendant was convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4)[1] and larceny in the

---

[1] General Statutes § 53a-134 (a) provides in pertinent part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm, except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. . . ."

second degree in violation of General Statutes § 53a-123 (a) (1).[2] On appeal, he claims that (1) the wording of the information as to the robbery charge required the state to prove that the alleged "firearm" was capable of discharging a shot and proof of such capability was completely lacking, (2) the trial court improperly instructed the jury that the only effect of the presumption of innocence was to require the state to prove guilt beyond a reasonable doubt, (3) the trial court improperly placed a burden on the defendant to prove his innocence by instructing the jury on theories consistent with innocence, and (4) the trial court, by instructing the jury that a guilty verdict could be based on the testimony of a single witness, improperly diluted the state's burden of proof on the element of identification of the perpetrator.

The defendant did not raise these issues in any manner at trial. He now seeks *Golding* review of each.[3] We have carefully reviewed the defendant's claims in light

The information charged a violation of subsection (a) (4) of the statute, but omitted the words "what he represents by his words or conduct to be." The evidence revealed that the defendant displayed what he represented to be a gun and threatened to shoot the victim. The defense was misidentification. The court read § 53a-134 (a) (4) to the jury and told them several times that they had to find beyond a reasonable doubt that "the defendant displayed or threatened the use of what he represented by his words or conduct to be a firearm" in order to convict him. The defendant makes no claim of lack of notice, surprise or prejudice. There is no merit to this claim. See *State* v. *Mitchell*, 37 Conn. App. 228, 233–38, 655 A.2d 282 (1995).

[2] General Statutes § 53a-123 (a) provides in pertinent part: "A person is guilty of larceny in the second degree when he commits larceny as defined in section 53a-119 and: (1) The property consists of a motor vehicle, the value of which exceeds five thousand dollars . . . ."

[3] *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), provides that a defendant can prevail on an unpreserved constitutional claim "only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt."

of the evidence, the record and the trial court's instructions as a whole. We find those issues to be without merit.

The judgment is affirmed.