[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: SEPTEMBER 14, 2000 DATE OF APPLICATION: SEPTEMBER 25, 2000 DATE APPLICATION FILED: OCTOBER 7, 2000 DATE OF DECISION: NOVEMBER 27, 2001
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Stanford/Norwalk at Norwalk, Docket No. 98-83739.
DOCKET NUMBER (S) CR98-83739
Michael Paris, Esq. Counsel for Petitioner
 Tiffany Lockshire, Esq. Assistant State's Attorney, Counsel for State
SENTENCE AFFIRMED
The petitioner was convicted after a trial by jury of 20 counts of credit card theft and one count of Larceny in the Sixth Degree. There was a Part B to the Information and the petitioner was further convicted of being a Persistent Larceny Offender pursuant to C.G.S. § 53a-40 (e). The petitioner was subject to one year incarceration on each conviction for credit card theft (a Class A misdemeanor). The effect of the Persistent Larceny Offender conviction was to enhance the penalty for the Larceny in the Sixth Degree to that of a Class D felony: 5 years. The court imposed a net effective sentence of 3 years to serve. It is this 3 year sentence the petitioner seeks to have reviewed.
It is noteworthy that at the time of sentencing counsel for the petitioner recommended to the trial court a sentence of 3 years which counsel characterized as a fair sentence. The trial court agreed.
At the hearing before the Division counsel for the petitioner represented that a "mistake" had been made by the sentencing court in sentencing the petitioner on the underlying offenses and the status of being a Persistent Larceny Offender.
The trial court may sentence the defendant as a Persistent Larceny Offender or on the underlying larceny count, but not on both. See Statev. Mitchell, 37 Conn. App. 228, 232. The defendant may challenge the legality of a sentence at any time. In the case at bar, counsel for the state correctly pointed out that there was no prejudice to the petitioner as the sentences were to be served concurrently.
Counsel for the petitioner in his claim of mitigation, emphasized that the underlying factual basis for the 20 counts of credit card theft involved one transaction wherein the petitioner stole a wallet containing 20 individual credit cards. It was one act. Counsel further indicated that the degree of larceny involved was minimal.
Counsel for the state emphasized, and read into the record, petitioner's lengthy criminal history.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is CT Page 16476 inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq.
In reviewing-the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
In light of the petitioner's extensive criminal history and the fact that prior sanctions did not have the desired effect relevant to the petitioner's behavior, the sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J.
Klaczak, J.
Norko, J.
Miano, J., Klaczak, J., and Norko, J., participated in this decision.